UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS L. HARRISON, | No. C 07-3824 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| INSTITUTIONAL GANG OF INVESTIGATIONS; et al., | |
| Defendants. | |

## INTRODUCTION

Marcus L. Harrison, an inmate at Pelican Bay State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

In his complaint, Harrison alleges that some of his incoming and outgoing mail has been confiscated in violation of his First Amendment rights to freedom of association and freedom of speech. The mail that was confiscated pertained to, e.g., the Black August Memorial, the New Afrikan Collective Think Tank, and the New Afrikan Institute of Criminology 101. Apparently, prison officials are of the opinion that the mail pertains to the BGF prison gang, of which Harrison is a member, while Harrison contends the mail concerns his political and cultural beliefs. The mail confiscation decisions apparently were made by correctional counselor D. Hawkes and correctional sergeant G. Stewart, in the institutional gang investigations department at Pelican Bay.

Harrison also discusses in his complaint his disagreement with certain rulings by the state court that heard his habeas petition regarding the mail.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). Liberally construed, the allegations appear to state a claim for relief under Section 1983 for a violation of Harrison's First Amendment rights by defendants Hawkes and Stewart who allegedly wrongfully confiscated his incoming and outgoing mail.

The other two named defendants are two wardens, who apparently were included because they were in charge of the prison or because they reviewed Harrison's administrative appeal. The wardens are not liable merely because they were in charge of the prison because there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). And they are not liable for an incorrect decision on an administrative appeal, as a California prisoner has no due process right to a proper functioning inmate appeal system. See generally Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Accordingly, the

wardens are dismissed without prejudice.

Finally, Harrison's allegations concerning his disagreements with the resolution of his state habeas case in the Del Norte County Superior Court do not state a claim upon which relief may be granted. A federal district court is a court of original jurisdiction and does not have appellate-type jurisdiction to review decisions from state court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). To the extent Harrison wants to complain about what happened in his habeas action in state court, his recourse is an appeal in state court. The allegations regarding the state court action do not state a claim for relief under § 1983.

**CONCLUSION**

For the foregoing reasons,

1. The complaint states a claim for relief under 42 U.S.C. § 1983 against defendants correctional officer D. Hawkes and correctional sergeant G. Stewart for First Amendment violations in confiscating Harrison's mail. The other defendants are dismissed without prejudice.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of this order upon each of the following defendants, who allegedly are employed at Pelican Bay State Prison:

- D. Hawkes (correctional counselor II)
- G. Stewart (correctional sergeant - Institutional Gang Investigations department)

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **April 11, 2008**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **May 16, 2008**. Plaintiff

must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

   c.   If defendants wish to file a reply brief, the reply brief must be filed and served no later than **June 6, 2008**.

   4.   All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

   5.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

   6.   Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

4

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: January 22, 2008

_____
SUSAN ILLSTON
United States District Judge