• PROOF OF SERVICE •

1. CASE NO: C·07·3824·SI·PR
2. I, THE PLAINTIFF MARCUS L. HARRISON·#H54077
3. HEREBY DECLARE AS FOLLOWS; THAT I AM A PRISONER
4. THAT IS CURRENTLY BEING HELD IN THE SECURITY HOUSING
5. UNIT, AT PELICAN BAY STATE PRISON, IN CRESCENT CITY,
6. CALIFORNIA.. AND THAT ON THE 7TH· OF FEBRUARY, 2008
7. I MAILED A TRUE COPY OF THE FOLLOWING DOCUMENTS:"A
8. REQUEST FOR LEAVE TO AMEND COMPLAINT; AND A SUPPLE·
9. MENTAL AMENDED COMPLAINT" TO THE FOLLOWING ADDRESS·
10. ES:
11. ATN: U.S. NORTHERN DISTRICT COURT
12.    C/O· SUSAN ILLSTON
13.        450· GOLDEN GATE·AVE.
14.        SAN FRANCISCO ____ CA. 94102
15.
16. ATN: DEPUTY ATTORNEY GENERAl'S OFFICE
17.        455· GOLDEN GATE·AVE. #11000
18.        SAN FRANCISCO ____ CA. 94102
19.
20.    I, HEREBY DECLARE UNDER THE PENALTY OF PERJURY
21. THAT THE FOREGOING IS TRUE AND CORRECT..
22.
23. DATED:                    RESPECTFULLY SUBMITTED,
24. FEBRUARY 7TH; 2008        MARCUS L. HARRISON
25.                           *Marcus L. Harrison*
26.                             • IN PRO. PER. •
27.
28.

FILED
FEB 1 2008
RICHARD W. [WIEKING]
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# ·EXHiBiT·A·

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)



Location: Institution/Parole Region
1. PELICAN BAY SP
2. _____

Log No.
1. D07-00576
2. _____

Category
7

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: HARRISON, Marcus    NUMBER: H54077    ASSIGNMENT: _____    UNIT/ROOM NUMBER: d3-124

**A. Describe Problem:** PETITIONER CONTINUES TO BE ARBITRARILY PERSECUTED FOR MY POLITICAL BELIEFS. ON MARCH 7TH, 2007 PETITIONER RECEIVED A CDC-128-B STOPPED MAIL NOTIFICATION NOTICE, DATED THE 1ST OF MARCH, 2007. (SEE ATTACH) THE CDC-128-B STOPPED MAIL NOTIFICATION NOTICE STATED IN RELEVANT PART: "THAT AN OUT-GOING MAIL CORRESPONDENCE THAT WAS ADDRESSED TO KANSAS MUTUAL AID/ALLIED RESISTANCE WAS BEING STOPPED, ON ACCOUNT THAT IT CONTAINED BGF-RELATED MATERIAL & WAS PROMOTING GANG ACTIVITY." PETITIONER FIRMLY DISAGREES WITH THIS ARBITRARY

If you need more space, attach one additional sheet. *SEE ATTACHMENT SHEET*

**B. Action Requested:** 1) THAT PRISON OFFICIALS BE ORDERED TO COMPLY WITH THE DEL NORTE COUNTY SUPERIOR COURT RULING THAT WAS ISSUED ON JUNE 15TH, 2005 (CASE NO: HCPB-04-5054). AND 2) THAT MY DISALLOWED OUT-GOING MAIL BE MAILED OUT TO THE NOTED ADDRESS AS INTENDED...

Inmate/Parolee Signature: Harrison M.    Date Submitted: 3/07/07

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: BYPASS

RECEIVED APR 24 2007 BRANCH

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

MAR 08 2007
2ND
IGI

First Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

~~BYPASS~~

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved: _____ Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

~~BYPASS~~

Signature: _____ Date Submitted: _____

Second Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 3-8-07   Due Date: 4-19-07
☐ See Attached Letter
Signature: [signatures] SGT Natel ___ Capt   Date Completed: 4/5/2007
Warden/Superintendent Signature: _____ Date Returned to Inmate: APR 1 6 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

PER. A PREVIOUS 602 APPEAL · LOG #: D-06-02260, AT THE SECOND LEVEL OF REVIEW, THE ISSUE OF GEORGE JACKSON WAS ADDRESSED BY PELICAN BAYS OWN GANG SPECIALIST C.C.II. D. HAWKES .. TO WHICH C.C.II. D. HAWKES GRANTED THIS APPEAL .. THIS WAS AFTER THE JUNE 15TH, 2005 COURT HEARING /RULING FROM DEL NORTE COUNTY SUPERIOR COURT .. THIS 602 APPEAL ALSO DISCUSSED GEORGE JACKSON .. SEE APPEAL LOG NO: D-06-02260 ..

Signature: Harrison M.   Date Submitted: 4/17/07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____
☐ See Attached Letter
   Date: JUL 1 9 2007

CDC 602 (12/87)

DESCRIBE PROBLEM CONT·(A·):

ASSESSMENT!! FIRST OF ALL, THE OUT·GOING MAIL CORRESP·ONDENCE IN QUESTION, IS A POLITICAL WRITING OF MINE THAT IS ENTITLED; "ON THE MOVE, ONE FORWARD MOTION, CAN'T STOP!! WON'T STOP!!".. NO WHERE WITHIN THIS POLITICAL WRITING IS THERE ANY REFERENCE OF, OR TO ANY TYPE OF CRIM·INAL OR VIOLENT ACTIVITY.. THE CRITERIA OF CRIMINAL/VIOLENT ACTIVITY MUST BE ESTABLISHED, IN ORDER FOR A ALLEGATION OF A PRISONER PROMOTING GANG ACTIVITY TO BE SUBSTANTIATED.. THIS IS PER. CLEARLY ESTABLISHED ADMINISTRATIVE POLICY AS DEF·INED & REGULATED BY THE DIRECTOR'S RULE BOOK · C.C.R. · TITLE·15 SECTION @ 3000 (GANGS).. SECONDLY, IT IS MY BELIEF THAT THE B.G.F. RELATED MATERIAL THAT THE PRISON OFFICIALS IS REFERR·ING TO, IS, A QUOTE FROM/BY GEORGE JACKSON ON THE VERY 1ST. PARAGRAPH OF PAGE·1.. THIS ASSUMPTION, STANDS IN DIR·ECT CONTRADICTION TO A PREVIOUS COURT DECISION, THAT WAS REN·DERED FORTH BY THE DEL NORTE COUNTY SUPERIOR COURT ON JUNE 15TH, 2005.. (CASE NO: HCPB·04·5054) DURING THIS COUR·HEARING, IT WAS CLEARLY ESTABLISHED BY THE COURT VIA THE TESTI·MONY OF PELICAN BAY'S OWN GANG SPECIALIST · I.G.I. C.C.II. D. HAWKES, THAT; "GEORGE JACKSON IS NOT A MEMBER OF THE B.G.F. (BLACK GUERRILLA FAMILY).. THIS STATEMENT WAS GIVEN UNDER SWORN TESTIMONY.. HOWEVER, PELICAN BAY PRISON OFFI·CIALS, IN PARTICULAR, I.G.I. PERSONNEL, REFUSE TO COMPLY WITH & ADHERE TO THIS COURT RULING, IN WHICH IT WAS DET·ERMINED THAT GEORGE JACKSON IS NOT & HAS NEVER BEEN A MEMBER OF THE B.G.F... THIS TRUTH IS EVIDENT VIA THE CDC·128·B (SEE ATTACH) THAT I WAS JUST ISSUED ON MARCH 7TH. 2007.. THIS IS ALSO EVIDENCE, OF PRISON OFFICIALS CONTINUING TO PERSECUTE ME FOR MY POLITICAL BELIEFS..

| |
|---|
| **PELICAN BAY STATE PRISON** |
| **SECOND LEVEL REVIEW** |

DATE: **APR 1 2 2007**

Inmate HARRISON, H54077
Pelican Bay State Prison
Security Housing Unit
Facility D3-124

RE:   WARDEN'S LEVEL DECISION                APPEAL:   **DENIED**
      APPEAL LOG NO. PBSP-D07-00576          ISSUE:    MAIL

This matter was reviewed by Robert A. Horel, Warden at Pelican Bay State Prison (PBSP). Correctional Sergeant D. Barneburg conducted the Appeal interview at the Second Level of Appeal Review on March 30, 2007.

All submitted documentation and supporting arguments have been considered, including the interview conducted at the Second Level of Review. Additionally, a thorough investigation has been conducted into the claim presented by the inmate and the documentation evaluated in accordance with PBSP's institutional procedures and the California Department of Corrections and Rehabilitation (CDCR) policies.

## ISSUES

HARRISON stated in Section A of his Appeal that he received a CDC 128B, Stopped Mail Notification, authored by Institutional Gang Investigations Unit (IGI) Officer D. Milligan as it promoted gang activity. Inmate HARRISON stated the letter contained no gang activity and was misconstrued by Officer Milligan. Inmate HARRISON cited Del Norte County Superior Court case HCPB-04-5054 to support his claim.

Inmate HARRISON requested the following actions: First, Harrison requested that PBSP IGI comply with the Del Norte County Superior Court ruling that was issued on June 15th. Second, have the letter mailed out to the intended recipient.

The Informal Level, Formal Level, and First Level were bypassed in this Appeal.

HARRISON was interviewed at the Second Level of Appeal by the Second Level Reviewer on March 30, 2007. The mailing in question was reviewed in HARRISON's presence. The Second Level Reviewer discussed the mail in question with HARRISON and explained the issues with this mail.

## FINDINGS

I

Inmate HARRISON is a validated member of the Black Guerilla Family (BGF) prison gang with the alias of "Kijana Tashiri Askari." IGI stopped the incoming mail utilizing a CDC 128B, under the authority of the California Code of Regulations (CCR), Title 15, Section 3023, Gang Activity.

Second Level Reviewer's Response
Appeal Log #: PBSP-D07-00576
Inmate HARRISON, H54077
Page 2

II

The mailing in question consisted of a single letter split into two envelope, both of which were addressed to Kansas Mutual Aid, C/O Allied Resistance, P.O. Box 442438, Lawrence, KS, 66044.

On page one of the letter was the quote, *"Settle your quarrels, come together, understand the reality of our situation, understand that fascism is already here, that people are already dying who could be saved, that generation more will die or live pro butchered half lives if you fail to act..Do what must be done, discover our humanity and your love in revolution..Pass on the torch.. Join us; give up your life for the people!!-Comrade George Jackson..."*

George Lester Jackson is recognized as the founder of a group, the Revolutionary Armed Movement (RAM), which later became the Black Guerilla Family. George Jackson is revered by BGF members and associates. His writings are often quoted, and two books written by George Jackson, <u>Soledad Brother: The Prison Letters of George Jackson</u> and <u>Blood in my Eye</u>, are disallowed publications at PBSP. The BGF recognizes George Jackson, with James Johnson as cofounders of the BGF. The letter contains several references to George Jackson, clearly demonstrating inmate HARRISON's reverence for George Jackson. By incorporating these references, HARRISON is promoting BGF doctrine and ideology in the form of a letter to Kansas Mutual Aid.

Later in the letter, HARRISON states, *"to an extent, our oppressors were successful in neutralizing our new phase of resistance (struggle) that took place in the time frame of the 60's/ 70's.. As we have numerous New Afrikan freedom fighters/prisoners of war who are wrongfully being held on lockdown in these gulags...in some instances, some have been in this position for the last 3 to 4 consecutive decades!! And on the other hand, we've had several of our fellow New Afrikan black brothas/ sistas take a step back from the struggle, and begin identifying themselves as "ex" & "former" members of whatever previously existing social/ political organization on account they could no longer stand the pressure that our oppressors (U.$. Government) was placing on them."*

Inmate HARRISON specifically identifies the new phase of resistance starting in the 1960 and 1970 time frame. The BGF was founded in the late 1960's. HARRISON makes reference to freedom fighters held in a "gulag" for three to four decades. This is a reference to the Security Housing Unit (SHU) and the retention of validated gang members in the SHU based upon their activity. HARRISON then references pressure upon these people resulting in them identifying themselves as ex and former members of the organization. This is a clear reference to inmates who have chosen to debrief from the BGF. The quotes from George Jackson, when taken in context with these additional statements, which allude to the struggles of the BGF, make for a letter which promotes the ideology of the BGF.

CCR, Title 15, Section 3023, Gang Activity states, *"Inmates and parolees shall not knowingly promote, further or assist any gang as defined in section 3000."*

III

Inmate HARRISON referenced "Pelican Bay's own gang specialist" Correctional Counselor II D. Hawkes who provided testimony in a recent Del Norte County Superior Court case relevant to the Black Guerilla Family. During testimony, CCII Hawkes stated that George Jackson was never a member of the BGF. Sergeant Barneburg interviewed CCII Hawkes regarding this testimony. CCII Hawkes stated that he did give this testimony, followed by the testimony that George Jackson founded a group which later became the BGF and was still recognized by the BGF as the founder. As a result of this court case, inmate HARRISON was allowed to receive a picture of George Jackson which had been held by prison staff.

Second Level Reviewer's Response
Appeal Log #: PBSP-D07-00576
Inmate HARRISON, H54077
Page 3

## DETERMINATION OF ISSUE

The Second Level Reviewer has examined all pertinent documents including all information received during the Second Level interview. HARRISON has received all copies of documents relating to this issue and was cited the appropriate CCR sections of the Title 15 to examine. This appeal is **DENIED** at the Second Level.

Inmate HARRISON's request to have prison officials ordered to comply with the Del Norte County Superior Court ruling issued on June 15, 2005 is DENIED. During court testimony, CC II Hawkes testified that George Jackson was the founder of a group which later became the BGF. The ruling of the court was to allow inmate HARRISON to be issued a picture of George Jackson. In this instance, inmate HARRISON incorporated quotes from George Jackson in a context that promoted the ideology of the BGF. As such, the ruling made by the court has no bearing on this letter. Inmate HARRISON's request to have the letters mailed out is DENIED, as they met the criteria for disapproval per CCR, Title 15, Section 3023, Gang Activity.

## MODIFICATION ORDER

No modification of this decision or action is required.

ROBERT A. HOREL
Warden

NAME: **HARRISON**     CDC#: **H54077**     HOUSING: **D3-124**     CDC 128-B

On **03/01/07**    Correspondence was stopped for the above-named inmate. The mailing is described as follows:

☒ OUTGOING CORRESPONDENCE/ ADDRESSED TO:     ☐ INCOMING CORRESPONDENCE / FROM:

KANSAS MUTUAL AID/ALLIED RESISTANCE
PO BOX 442438
LAWRENCE, KS. 66044

The correspondence was disapproved in accordance with Section 3136(a) as it pertains to 3006(c):
☒ It violates regulations or local procedures:
    ☒ Promotes gang activities [Title 15, 3023 (a)]
    ☐ Unauthorized business dealings [3024 (a)]
    ☐ Unauthorized inmate to inmate correspondence [Title 15, 3139]
    ☐ Unauthorized inmate to parolee / probationer correspondence [Title 15, 3140]
    ☐ Third party correspondence [OP 205, Attachment 8, #32]
    ☐ Use of fictitious name or address [U.S.C.S. Title 18, Section 1342, OP 205]
    ☒ Other (describe):  (BGF) RELATED MATERIAL

☐ It incites physical harm to a person or group of persons
☐ It incites disruption of the order in a facility, such as riot, escape, strike, etc.
☐ It contains coded messages
☐ It contains obscene or sexually explicit material, or portrays nudity
☐ It is deemed to be a threat to legitimate penalogical interests. Title 15, Section 3006(c) 16.
☐ It contains material or literature which would pose a threat to institutional security or the safety of other persons if allowed to be possessed by inmates.
Additional Information:
The disposition of the letter is as follows:
☒ Retained by Investigative Services Unit for investigation / potential disciplinary or court proceedings.
☐ Returned to sender in accordance with Title 15, Section 3147 (a) (5) (B) or 3147 (a) (6).
☐ Placed in the Central File in accordance with Title 15, Section 3147 (a) (7).

Reporting Employee:                         Correspondence Disapproval Authorized By (Captain level or above):

_D. MILLIGAN_
Correctional Officer
Institutional Gang Investigations

_KURT L. McGUYER_
Correctional Captain
Investigative Services Unit

Correspondents are personally responsible for the content of each item of mail they send into or out of a correctional facility, Any violation of laws governing mail will be referred to postal authorities and to appropriate criminal authorities. Violations of law, the policies and regulations or of approved facility mail procedures may result in the temporary suspension or denial of correspondence between the persons involved. [Section 3132 (a)]. Inmates may appeal the stopped mail utilizing the departmental appeal process.

cc:     C-File
        AWC File
        Investigative Services Unit
        Inmate
        Sender (incoming correspondence only)

DATE:    03/01/07        **STOPPED MAIL NOTIFICATION**        GENERAL CHRONO

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: JUL 1 9 2007

In re: Harrison, H-54077
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0613862            Local Log No.: PBSP 07-00576

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that he was harmed by the action of custody staff at Pelican Bay State Prison (PBSP). The appellant states that Institution Gang Investigator (IGI) staff inappropriately stopped one of his out-going letters. The appellant believes that staff violated a recent court ruling that allowed him to receive this type of mail. The appellant requests on appeal that his disallowed out-going mail be mailed out to the intended address.

**II   SECOND LEVEL'S DECISION:** The reviewer found that an appeal inquiry was conducted into the appellant's complaint. The appellant is a validated member of the Black Guerrilla Family with the alias of "Kijana Tashiri Askari." The IGI stopped the out-going mail utilizing a CDC Form 128-B, General Chrono, under the authority of the California Code of Regulations, Title 15, Section (CCR) 3023. The mail was in violation of this regulation and will not receive the mail. The reviewer also notes that the court case was regarding the appellant being allowed to receive a picture of George Jackson and not promoting gang activity through the mail. The appeal and appellant's requests were denied at the Second Level of Review.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A. FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and properly evaluated by administrative staff. The appeal inquiry was conducted by Correctional Sergeant Barneburg and the appeal was reviewed by the institution's warden. The appellant's claim that this appeal is the same issue as ruled upon by the Del Norte Superior Court ruling regarding the allowance of a gang picture is not supported.

   The appellant has failed to provide any new or compelling information that would warrant a modification of the decision reached by the institution. Relief at the Director's Level of Review is unwarranted.

   **B. BASIS FOR THE DECISION:**
   California Penal Code Section: 832.7, 832.8
   CCR: 3001, 3023, 3130, 3131, 3270, 3271, 3391

   **C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, PBSP
      Appeals Coordinator, PBSP