IN PRO. PER.;
1. MARCUS L. HARRISON
2.      PLAINTIFF
3.         V.
4. INSTITUTIONAL GANG OF
5. INVESTIGATIONS, ET; Al...
6.      DEFENDANTS

FILED
08 MAR 31 PM 4:56

MOTION FOR AN ORDER
COMPELLING DISCOVERY..

CASE NO: C·07·3824·SI·PR·
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10. PLAINTIFF HEREBY MOVE THIS COURT FOR AN ORDER PUR-
11. SUANT TO RULE·37(a.) OF THE FEDERAL RULES OF CIVIL
12. PROCEDURES, COMPELLING THE DEFENDANTS— CORRECTIONAL
13. COUNSELOR II. DEVAN HAWKES, AND CORRECTIONAL
14. SERGEANT G. STEWART TO RESPOND TO PLAINTIFF'S REQUEST
15. FOR ADMISSIONS..
16.    ON FEBRUARY 4TH, 2008, PLAINTIFF SUBMITTED A REQUEST
17. FOR ADMISSIONS TO THE AFOREMENTIONED DEFENDANTS, AND
18. REQUESTED OF THE DEFENDANTS TO RESPOND TO THESE
19. ADMISSIONS WITHIN 30 DAYS, PURSUANT TO FEDERAL RULES
20. OF CIVIL PROCEDURE·36.. (SEE EXHIBIT·A.) HOWEVER,
21. AS OF THIS WRITING, THE DEFENDANTS HAVE YET TO COMPLY
22. WITH PLAINTIFF'S REQUEST FOR ADMISSIONS..
23.    PLAINTIFF ALSO MOVE FOR AN ORDER PURSUANT TO RULE·
24. 37(a)(4.) REQUIRING THE AFORESAID DEFENDANTS TO
25. PAY THE PLAINTIFF THE SUM OF $75.00 dollars, AS REASON-
26. ABLE EXPENSES IN OBTAINING THIS ORDER, ON THE GROUND
27.
28.         ·1·    OF    ·2·

1. THAT THE DEFENDANTS REFUSAL TO ANSWER THE REQUEST
2. FOR ADMISSIONS HAS OR HAD NO SUBSTANTIAL JUSTIFICAT-
3. ION..
4.
5.                                    RESPECTFULLY SUBMITTED,
6. DATED:                             MARCUS L. HARRISON
7. MARCH 23RD, 2008                   *Marcus L. Harrison*
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.                    •2    OF    2•

• PROOF OF SERVICE •

1.
2.                                        CASE NO: C·07·3824·SI·PR·
3.     I, MARCUS L. HARRISON · #H54077 HEREBY decl-
4. ARE AS FOLLOWS:
5.     THAT I AM THE PLAINTIFF IN THE AFOREMENTIONED
6. 1983 CIVIL ACTION.. I AM ALSO A PRISONER THAT IS CURRE-
7. NTLY BEING HELD IN THE SECURITY HOUSING UNIT AT PELICAN
8. BAY STATE PRISON, IN CRESCENT CITY, CALIFORNIA.. AND ON
9. MARCH 23Rd, 2008, I MAILED A TRUE COPY OF THE FOLLOW-
10. ING DOCUMENTS: A MOTION FOR AN ORDER COMPELLING
11. DISCOVERY, TO THE FOLLOWING ADDRESSES:
12.
13. • UNITED STATES NORTHERN DISTRICT COURT
14.       450 · GOLDEN GATE · AVE.
15.       SAN FRANCISCO _____ CA. 94102
16.
17. • DEPUTY ATTORNEY GENERAL OFFICE
18.       455 · GOLDEN GATE · AVE.— SUITE · 11000
19.       SAN FRANCISCO _____ CA. 94102 - 7004
20.
21.     I, HEREBY DECLARE UNDER THE PENALTY OF PERJURY
22. , THAT THE FOREGOING IS TRUE AND CORRECT AS EXECUTED
23. ON THIS 23Rd · DAY OF MARCH 2008, IN CRESCENT CITY,
24. CALIFORNIA..
25.                                         RESPECTFULLY SUBMITTED,
26.  DATED:                                 MARCUS L. HARRISON
27. MARCH 23Rd, 2008                        *Marcus L. Harrison*
28.                                         • IN PRO. PER. •

# EXHIBIT A

```
         IN PRO. PER.:/
 1. MARCUS L. HARRISON
 2.      PLAINTIFF
 3.         V.                        REQUEST FOR
 4. INSTITUTIONAL GANG OF              Admissions...
 5. INVESTIGATIONS, ET; AL...         F.R.C.P. — 36...
 6.    DEFENDANTS
 7.                               CASE No: C·07·3824·SI·PR·
 8.            UNITED STATES DISTRICT COURT
 9.            NORTHERN DISTRICT OF CALIFORNIA
10.
11. PROPOUNDING PARTY: PLAINTIFF, MARCUS L. HARRISON
12. RESPONDING PARTY: DEFENDANT, INSTITUTIONAL GANG
13. OF INVESTIGATIONS — CORRECTIONAL COUNSELOR II.
14. DEVAN HAWKES..
15. SET NUMBER: 1
16.     PLEASE TAKE NOTICE THAT, PURSUANT TO FEDERAL
17. RULES OF CIVIL PROCEDURE 36, THE PLAINTIFF REQUEST THA
18. THE DEFENDANTS MAKE THE FOLLOWING ADMISSIONS WITHIN
19. 30 DAYS AFTER THE SERVICE OF THIS REQUEST..
20.
21.     REQUEST FOR ADMISSION NO.1:
22.  Admit THAT, THE ONLY WAY THAT A PRISONER CAN BE CON
23. SIDERED A VALIDATED PRISON GANG MEMBER IN THE CALIFO
24. RNIA DEPARTMENT OF CORRECTIONS & REHABILITATION PRISON
25. SYSTEM, IS THROUGH THE VALIDATION PROCESS, AS OUTLINED
26. IN THE CALIFORNIA CODE OF REGULATIONS —— TITLE·15
27. SECTIONS § 3378, AND § 3321..
28.              ·1      OF      5·
```

1.     REQUEST FOR ADMISSION NO. 2:
2. Admit that, GEORGE JACKSON, has never been validated
3. as a Black Guerrilla Family (B.G.F.) prison gang mem-
4. ber, prior to him being murdered on August 21st, 1971,
5. as defined in the California Code of Regulations
6. Title • 15 • Sections § 3378, and § 3321..
7.     REQUEST FOR ADMISSION NO. 3:
8. Admit that, JEFFREY GAULDEN, who is also known
9. as "JOKA KHATARI" has never been validated as a
10. Black Guerrilla Family (B.G.F.) prison gang member
11. prior to him being murdered on August 1st, 1978, as
12. defined in the California Code of Regulations
13. Title • 15 • Sections § 3378, and § 3321..
14.     REQUEST FOR ADMISSION NO. 4:
15. Admit that, I never received a CDC • 115 • Rules
16. Violation Report for any of my political writings that
17. were disallowed and/or confisicated from me, in partic-
18. ular, those political writings that is noted in Plaintiff's
19. General Complaint as Exhibits • A. thru C., that specif-
20. ically relate to my political writings concerning Black
21. August, George Jackson, Jeffrey Gaulden • A.K.A. "Joka
22. Khatari", the New Afrikan Collective Think Tank, the
23. New Afrikan Institute of Criminology 101, or the ideol-
24. ogy of New Afrikan Revolutionary Nationalism (N.A.R.N
25. ...
26.     REQUEST FOR ADMISSION NO. 5:
27. Admit that, per. the Castillo V. Alameida Case No:
28. C • 94 • 2847 • MJJ • Settlement, gang activity is

1. defined as any illegal, unlawful, or criminal activity
2. done in furtherance of the goals of a prison gang...
3.     REQUEST FOR ADMISSION NO. 6:
4.     Admit that, all of my political writings that were
5. disallowed, and/or confiscated from me, in particular
6. those political writings that are noted in plaintiff's
7. Exhibits - A. thru C. of the plaintiff general complaint
8. as it relates to Black August, George Jackson, Jeffr
9. ey Gaulden — A.K.A. "Joka Khatari", the New Afri
10. kan Collective Think Tank, the New Afrikan Institute
11. of Criminology 101, or the ideology of New Afrikan Rev
12. olutionary Nationalism (N.A.R.N.) does not contain an
13. illegal, unlawful, or criminal activity within the content
14. or language of my political writings, which would
15. constitute as being gang activity, as defined in the
16. Castillo v. Alameida case No: C-94-2847-MJJ-
17. Settlement..
18.     REQUEST FOR ADMISSION NO. 7:
19.     Admit that, there is no direct correspondence to
20. any validated Black Guerrilla Family (B.G.F.) prison
21. gang member that is identified on my political writ
22. ings, in particular, as it relates to Black August,
23. the New Afrikan Collective Think Tank, the New Afri
24. kan Institute of Criminology 101, or the ideology of
25. New Afrikan Revolutionary Nationalism (N.A.R.N.)
26.     REQUEST FOR ADMISSION NO. 8:
27.     Admit that, the content and the language of my
28. political writings, does not specifically instruct any

1. VALIDATED BLACK GUERRILLA FAMILY (B.G.F.) PRISON GANG
2. MEMBER TO ORGANIZE, OR ENGAGE IN ANY ILLEGAL, UNLAWFUL
3. OR CRIMINAL ACTIVITIES, IN PARTICULAR, THOSE PRISONERS
4. WHO ARE IDENTIFIED ON MY POLITICAL WRITINGS, SUCH AS;
5. THE BLACK AUGUST MEMORIAL, THE NEW AFRIKAN COLLECTIVE
6. THINK TANK, THE NEW AFRIKAN INSTITUTE OF CRIMINOL-
7. OGY 101, OR THE IDEOLOGY OF NEW AFRIKAN REVOLUTIONARY
8. NATIONALISM (N.A.R.N.)..
9.    REQUEST FOR ADMISSION NO. 9:
10.    ADMIT THAT, THE DRAWING OF THE DRAGON THAT WAS
11. DISALLOWED AND CONFISICATED FROM ME, IN PARTICULAR, THE
12. ONE THAT IS NOTED IN THE PLAINTIFF'S GENERAL COMPLAINT
13. AS EXHIBIT·d, DOES NOT DEPICT ANYTHING THAT IS ILLEGAL
14., UNLAWFUL, OR CRIMINAL..
15.    REQUEST FOR ADMISSION NO. 10:
16.    ADMIT THAT, THE DRAWING OF THE DRAGON THAT WAS
17. DISALLOWED AND CONFISICATED FROM THE PLAINTIFF, IN
18. PARTICULAR, THE ONE THAT IS NOTED IN THE PLAINTIFF'S
19. GENERAL COMPLAINT AS EXHIBIT·d, WAS NOT DRAWN BY
20. THE PLAINTIFF, OR ANY OTHER ALLEGED BLACK GUERRILLA
21. FAMILY (B.G.F.) PRISON GANG MEMBER..
22.    REQUEST FOR ADMISSION NO. 11:
23.    ADMIT THAT, AS TO WHAT WAS THE ACTUAL YEAR THAT
24. THE PRISON GANG VALIDATION PROCESS WAS ACTUALLY CERTI-
25. FIED THROUGH THE ADMINISTRATIVE PROCEDURE ACT (A.P.A.)
26. TO BECOME OFFICIAL POLICY IN THE CALIFORNIA DEPARTMENT
27. OF CORRECTIONS & REHABILITATION..
28.

1. REQUEST FOR ADMISSION NO. 12:
2. Admit that, in the afterword of George Jackson's
3. book, "Blood In My Eye", that George Jackson is pub-
4. licly acknowledged as the Field Marshal for the
5. Black Panther Party..
6. REQUEST FOR ADMISSION NO. 13:
7. Admit that, Black August is a universally acknowl-
8. edged social, political, & cultural concept, that is comm-
9. emorated by all New Afrikan Black people in prison,
10. and in the free society throughout the world..
11.
12.
13.
14.                              RESPECTFULLY SUBMITTED,
15. DATED:                        MARCUS L. HARRISON
16. FEBRUARY 4TH, 2008            *Marcus L. Harrison*
17.                               • IN PRO. PER. •
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.                   • 5    OF    5 •

```
     IN PRO. PER.;
1. MARCUS L. HARRISON
2.      PLAINTIFF
3.         V.                           REQUEST FOR
4. INSTITUTIONAL GANG OF                 ADMISSIONS...
5. INVESTIGATIONS, ET; AL...            F.R.C.P. — 36...
6.     DEFENDANTS
7.                                CASE NO: C·07·3824·SI·PR·
8.          UNITED STATES DISTRICT COURT
9.          NORTHERN DISTRICT OF CALIFORNIA
10.
11. PROPOUNDING PARTY: PLAINTIFF, MARCUS L. HARRISON
12. RESPONDING PARTY: DEFENDANT, INSTITUTIONAL GANG OF
13. INVESTIGATIONS — CORRECTIONAL SERGEANT G. STEWART...
14. SET NUMBER: 1
15.      PLEASE TAKE NOTICE THAT, PURSUANT TO FEDERAL
16. RULES OF CIVIL PROCEDURE · 36, THE PLAINTIFF REQUEST
17. THAT THE DEFENDANT MAKE THE FOLLOWING ADMISSIONS
18. WITHIN 30 DAYS AFTER THE SERVICE OF THIS REQUEST...
19.
20.      REQUEST FOR ADMISSION NO. 1:
21.    ADMIT THAT, THE ONLY WAY THAT A PRISONER CAN BE
22. CONSIDERED A VALIDATED PRISON GANG MEMBER IN THE
23. CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION
24. PRISON SYSTEM, IS THROUGH THE VALIDATION PROCESS, AS
25. OUTLINED IN THE CALIFORNIA CODE OF REGULATIONS —
26. TITLE ·15· SECTIONS @ 3378, AND @ 3321...
27.
28.
```

1. REQUEST FOR ADMISSION NO. 2:
2.      Admit that, GEORGE JACKSON HAS NEVER BEEN
3. VALIDATED AS A BLACK GUERRILLA FAMILY (B.G.F.) PRIS-
4. ON GANG MEMBER, PRIOR TO HIM BEING MURDERED ON
5. AUGUST 21ST, 1971, AS DEFINED IN THE CALIFORNIA CODE
6. OF REGULATIONS — TITLE·15· SECTIONS § 3378, AND
7. § 3321..
8.   REQUEST FOR ADMISSION NO. 3:
9.      Admit that, JEFFEREY GAULDEN, WHO IS ALSO
10. KNOWN AS "JOKA KHATARI" HAS NEVER BEEN VALIDATED
11. AS A BLACK GUERRILLA FAMILY (B.G.F.) PRISON GANG
12. MEMBER PRIOR TO HIM BEING MURDERED ON AUGUST 1ST,
13. 1978, AS DEFINED IN THE CALIFORNIA CODE OF REGULATI-
14. ONS — TITLE·15· SECTIONS § 3378, AND § 3321..
15.   REQUEST FOR ADMISSION NO. 4:
16.      Admit that, I NEVER RECEIVED A CDC·115· RULES
17. VIOLATION REPORT FOR ANY OF MY POLITICAL WRITINGS THAT
18. WERE DISALLOWED AND/OR CONFISCATED FROM ME, IN PAR-
19. TICULAR, THOSE POLITICAL WRITINGS THAT IS NOTED IN PLAIN-
20. TIFF'S GENERAL COMPLAINT AS EXHIBITS·A· THRU C., THAT
21. SPECIFICALLY RELATE TO MY POLITICAL WRITINGS CONCERNING
22. BLACK AUGUST, GEORGE JACKSON, JEFFREY GAULDEN —
23. A.K.A. "JOKA KHATARI", THE NEW AFRIKAN COLLECTIVE
24. THINK TANK, THE NEW AFRIKAN INSTITUTE OF CRIMINOL-
25. OGY 101, OR THE IDEOLOGY OF NEW AFRIKAN REVOLUTION-
26. ARY NATIONALISM..
27.
28.

·3·   OF   5·

1. REQUEST FOR ADMISSION NO. 5:
2. Admit that, per the Castillo v. Alameida
3. case No: C-94-2847-MJJ-Settlement, gang activity
4. is defined as any illegal, unlawful, or criminal activity
5. done in furtherance of the goals of a prison gang..
6. REQUEST FOR ADMISSION NO. 6:
7. Admit that, all of my political writings that
8. were disallowed, and/or confisicated from me, in part-
9. icular, those political writings that are noted in Plainti-
10. ff's Exhibits - A. thru C. of the Plaintiff General
11. Complaint, as it relates to Black August, George Jacks-
12. on, Jeffrey Gauden — a.k.a. "Joka Khatari", the
13. New Afrikan Collective Think-Tank, the New Afrikan
14. Institute of Criminology 101, or the Ideology of New
15. Afrikan Revolutionary Nationalism (N.A.R.N.) does
16. not contain any illegal, unlawful, or criminal activ-
17. ity within the content of language of my political
18. writings, which would constitute as being gang acti-
19. vity, as defined in the Castillo v. Alameida case
20. No: C-94-2847-MJJ-Settlement..
21. REQUEST FOR ADMISSION NO. 7:
22. Admit that, there is no direct correspondence
23. to any validated Black Guerrilla Family (B.G.F.)
24. prison gang member that is identified on my politi-
25. cal writings, in particular, as it relates to Black
26. August, the New Afrikan Collective Think Tank, the
27. New Afrikan Institute of Criminology 101, or the
28. ideology of New Afrikan Revolutionary Nationalism

-3- of 5-

1. (N.A.R.N.)..
2.     REQUEST FOR Admission No.8:
3.     Admit THAT, THE CONTENT AND THE language OF my
4. political writings, does not specifically instruct any
5. validated Black Guerrilla Family (B.G.F.) prison gang
6. member to organize, or engage in any illegal, unlaw-
7. ful, or criminal activities, in particular, those prisoners
8. who are identified on my political writings, such as;
9. the Black August Memorial, the New Afrikan Collect-
10. ive Think Tank, the New Afrikan Institute of Crimi-
11. nology 101, or the ideology of New Afrikan Revolution-
12. ary Nationalism (N.A.R.N.)..
13.     REQUEST FOR Admission No.9:
14.     Admit THAT, THE drawing of the dragon that was
15. disallowed and confisicated from me, in particular,
16. the one that is noted in the plaintiff's general compl-
17. aint as Exhibit•d, does not depict anything that is
18. illegal, unlawful, or criminal..
19.     REQUEST FOR Admission No.10:
20.     Admit THAT, THE drawing of the dragon that was
21. disallowed and confisicated from the plaintiff, in
22. particular, the one that is noted in the plaintiff's
23. general complaint as Exhibit•d, was not drawn
24. by the plaintiff, or any other alleged Black Guerr-
25. illa Family (B.G.F.) prison gang member..
26.
27.
28.
              -4-         OF         5-

1.    REQUEST FOR ADMISSION NO. 11:
2.       Admit that, as to what was the actual year that
3. the prison gang validation process was actually certi-
4. fied through the Administrative Procedure Act
5. (A.P.A.) to become official policy in the California
6. Department of Corrections & Rehabilitation..
7.
8.
9.
10.
11.                                                 Respectfully Submitted,
12. Dated:                             Marcus L. Harrison
13. February 4th, 2008               *Marcus L. Harrison*
14.                                                   • IN PRO. PER. •
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.

• 5       of       5 •

• PROOF OF SERVICE •

CASE NO: C·07·3824·SI·PR·

1. I, MARCUS L. HARRISON · # H54077 HEREBY declar
2. AS FOLLOWS: THAT I AM THE PLAINTIFF IN THE AFOREME
3. NTIONED 1983 CIVIL ACTION.. I AM ALSO A PRISONER THAT
4. IS CURRENTLY BEING HELD IN THE SECURITY HOUSING UNIT AT
5. PELICAN BAY STATE PRISON, IN CRESCENT CITY, CALIFORNIA
6. .. AND ON FEBRUARY 4TH, 2008, I MAILED A TRUE COPY OF
7. THE FOLLOWING DOCUMENTS: A REQUEST FOR ADMISSIONS
8. , TO THE DEFENDANTS TO THE FOLLOWING ADDRESS:
9.
10.     DEPUTY ATTORNEY GENERAL OFFICE
11.       455 · GOLDEN GATE · AVE.— SUITE 11000
12.     SAN FRANCISCO ___ CA. 94102-7004
13.
14.
15.     I HEREBY declare UNDER THE PENALTY OF PERJURY
16. , THAT THE FOREGOING IS TRUE AND CORRECT AS EXECUTED
17. ON THIS 4TH· day OF FEBRUARY, 2008 IN CRESCENT CITY,
18. CALIFORNIA..
19.
20.
21. DATED:                          RESPECTFULLY SUBMITTED,
22. FEBRUARY 4TH, 2008              MARCUS L. HARRISON
23.                                 *Marcus L. Harrison*
24.                                 • IN PRO. PER. •
25.
26.
27.
28.