UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCUS L. HARRISON,

    Plaintiff,

v.

INSTITUTIONAL GANG OF INVESTIGATIONS; et al.,

    Defendants.

                                         /

No. C 07-3824 SI (pr)

**ORDER RE. MOTION TO COMPEL, AMENDMENT OF COMPLAINT AND SCHEDULING**

       Plaintiff filed a motion for leave to amend his complaint to add a new claim with a new defendant. He stated in his motion that he did not include this claim in his original complaint because he had not exhausted administrative remedies for it at the time he filed his original complaint. His statement shows that the proposed amendment would be futile. An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if he fully exhausts while the suit is pending. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed). Where the exhaustion problem exists for less than all the claims in a complaint, only the deficient claim(s) rather than the entire complaint should be dismissed. See Jones v. Bock, 127 S. Ct. 910, 925-26 (2007) (rejecting "total exhaustion-dismissal" rule). Amending to add a claim that does not satisfy the exhaustion requirement would be futile because it would be subject to prompt dismissal. The motion for leave to amend is DENIED. (Docket # 5.) This denial is without prejudice to plaintiff filing a new action in which he asserts the claim.

United States District Court
For the Northern District of California

1  Plaintiff filed a motion for an order compelling responses to his requests for admissions.
2  The motion is DENIED. (Docket # 8.) If a plaintiff <u>properly</u> serves his requests for admissions
3  on a defendant and the defendant fails to respond or object within thirty days or obtain an
4  extension of the deadline, the requests for admissions are deemed admitted and there is no need
5  for a motion to compel. <u>See</u> Fed. R. Civ. P. 36 (a)(3). The proof of service on the requests for
6  admissions shows that the requests for admissions were mailed to the California Attorney
7  General's office on February 4, 2008. As of that date, the Attorney General had not yet made
8  an appearance in this action; the Attorney General first appeared in this action as counsel for the
9  defendants on April 8, 2008, by filing the request for extension of time. The importance of this
10 is that, unless the two defendants or the Attorney General communicated before the requests for
11 admissions were sent that service was to be made on the Attorney General's office, plaintiff did
12 not properly serve the defendants. <u>See</u> Fed. R. Civ. P. 5(a)(a)(C) and (b)(1). If plaintiff did not
13 properly serve the requests for admissions on defendants, he should start over and do so now.
14 (This time, however, he does need to mail the requests for admission to the Attorney General's
15 office because that office has now appeared and represents the defendants.)

16  Defendants filed an <u>ex parte</u> request for a sixty-day extension of time to file a dispositive
17 motion. Upon due consideration of the request and the accompanying declaration of attorney
18 Lisa Sciandra, the court GRANTS the request. (Docket # 9.) The court now sets the following
19 new briefing schedule for dispositive motions:

20  1. Defendants must file and serve their dispositive motion no later than **June 13, 2008**.
21  2. Plaintiff must file and serve on defense counsel his opposition to the dispositive
22 motion no later than **July 25, 2008**.
23  3. Defendants must file and serve their reply brief, if any, no later than **August 8, 2008**.
24  IT IS SO ORDERED.
25 Dated: April 16, 2008

_____
SUSAN ILLSTON
United States District Judge

2