United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS L. HARRISON,<br><br>         Plaintiff,<br><br>   v.<br><br>INSTITUTIONAL GANG OF INVESTIGATIONS; et al.,<br><br>         Defendants.<br>_____ / | No. C 07-3824 SI (pr)<br><br>**ORDER FOR BRIEFING ON PLAINTIFF'S REQUEST FOR PHOTOCOPIES AND CORRESPONDENCE** |

The complaint in this action asserts a First Amendment claim regarding the confiscation of some of plaintiff's incoming and outgoing mail pertaining to, e.g., the Black August Memorial, the New Afrikan Collective Think Tank, and the New Afrikan Institute of Criminology 101. Apparently, prison officials are of the opinion that the mail pertains to the BGF prison gang, of which plaintiff is a member, while plaintiff contends the mail concerns his political and cultural beliefs.

Plaintiff, an inmate in the security housing unit at Pelican Bay, filed a "Request For An [sic] Court Order" on April 28, 2008 (docket # 13) in which he sought an order compelling prison officials to make photocopies of other inmates' documents for him and to permit him to correspond "unimpeded" with several other inmates regarding his § 1983 claim in this action. In light of the nature of the claim in the complaint and the alleged reason for the confiscation of the mail, the court is unwilling to grant the relief requested in the motion without further development of the issues. Accordingly, the court sets the following briefing schedule:

1.   No later than **June 13, 2008**, plaintiff must file and serve a declaration and/or supplemental brief not to exceed ten pages total providing more information about his requests. First, he should specify the documents he wants photocopied and why those documents might be relevant to this action. It is not enough for him to say that the documents are attachments to declarations or that they are other inmates' property: he has to identify the particular documents so the court can determine whether they need to be copied. (As it now stands, the court does not see why documents in the possession of other inmates would be relevant to plaintiff's claim that his own mail was confiscated.) Second, plaintiff must explain why he needs a court order for "unimpeded" correspondence with other inmates in light of his Exhibit C, which shows prison staff's approval of his requests for correspondence in compliance with prison rules.

2.   Defendants must file and serve an opposition to plaintiff's motion no later than **July 11, 2008**.

3.   Plaintiff must file and serve his reply brief, if any, no later than **August 8, 2008**.

The ruling on plaintiff's motion may affect plaintiff's ability to oppose a motion for summary judgment from defendants. Therefore, the court vacates the dispositive motion schedule set out in its April 16, 2008 order, and will set a new briefing schedule for dispositive motions after the court rules on plaintiff's pending motion.

IT IS SO ORDERED.

Dated: May 7, 2008

_____
SUSAN ILLSTON
United States District Judge

2