IN PRO. PER.;
1. MARCUS L. HARRISON
2.    PLAINTIFF
3.      V.
4. INSTITUTIONAL GANG OF
5.   INVESTIGATIONS; ET. Al..
6.    DEFENDANTS

SUPPLEMENTAL MOTION AND DECLARATION IN SUPPORT OF PLAINTIFF'S REQUEST FOR PHOTOCOPIES AND CORRESPONDENCE... PER. F.R.C.P. • 56(f.)...

CASE No: C•07•3824•SI•(PR)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

12.     IN RESPONSE TO THIS COURTS ORDER, THAT PLAINTIFF
13. MUST FILE AND PREPARE A DECLARATION AND/OR A SUPPLEM-
14. ENTAL BRIEF TO PROVIDE MORE INFORMATION ABOUT HIS REQU-
15. EST FOR PHOTOCOPIES AND UNIMPEDED CORRESPONDENCE..
16.     FIRST OFF, PLAINTIFF IS IN NEED OF PHOTOCOPIES OF ANY
17. AND ALL AFFIDAVITS/DECLARATIONS THAT IS SUBMITTED IN
18. SUPPORT OF PLAINTIFF'S 1983•CIVIL ACTION, AND IN PARTICULAR
19., THOSE EXHIBITS THAT IS ATTATCHED TO THOSE AFFIDAVITS/
20. DECLARATIONS THAT IS PUT FORTH BY PLAINTIFF'S MATERIAL
21. WITNESSES..
22.     THE EXHIBITS TO THESE AFFIDAVITS/DECLARATIONS
23. WILL BE PRESENTED IN THE FORM OF CDCR•INMATE REQUEST
24. FORMS; CDCR•602 APPEAL FORMS; AND VARIOUS OTHER
25. CDCR•PELICAN BAY STATE PRISON INSTITUTIONALLY ISSUED
26. ADMINISTRATIVE FORMS.. ALL OF THESE CDCR•ADMINISTRAT-
27. IVE FORMS WILL HAVE OTHER PRISONERS NAMES ON THEM,
28. WHICH IS CRITICAL, IN THAT, THIS IS THE DISTINCTIVE

•1 OF 6•

1. CONTRADICTION THAT THE ADMINISTRATIVES HAVE CREATED
2. TO WHERE THE PLAINTIFF WAS DENIED, IN HAVING PHOTOCOP-
3. IES MADE OF SAID AFFIDAVITS, DECLARATIONS, AND THE EXHI-
4. BITS TO WHICH THESE DOCUMENTS IS BEING SUBMITTED IN
5. SUPPORT OF PLAINTIFF'S 1983·CIVIL ACTION..
6.      THESE AFFIDAVITS, DECLARATIONS, AND EXHIBITS IS
7. EXPECTED TO SPEAK TO, AND DEMONSTRATE THAT EACH OF
8. THESE INDIVIDUAL PRISONERS IS BEING POLITICALLY PERSECUT-
9. ED FOR THEIR POLITICAL BELIEFS VIA HAVING THEIR IN·COMING
10. AND OUT·GOING MAIL, EITHER CONFISICATED OR DIS·ALLOWED
11. UNDER THE SPURIOUS PREMISE OF THEM PROMOTING GANG ACT-
12. IVITY..SEE: LOCKHART V. HOENSTINE·411·F.2d.455
13. (1969); ALGHANIM V. BOEING CO.·477·F.2d.143 (1973);
14. BURLINGTON COAT FACTORY WAREHOUSE CORP. V. ESPIRIT DE
15. CORP·769·F.2d.919 (1985); AND F.R.C.P.·56(f)..
16.     THE POLITICAL PERSECUTION IS MANIFEST IN THE FORM OF,
17. THESE PRISONERS ATTEMPTING TO EXPRESS, AND/OR COMME-
18. MORATE THE SOCIAL, POLITICAL, CULTURAL, AND HISTORICAL
19. VALUES OF ALL NEW AFRIKAN BLACK PEOPLE THROUGH THE SOCIAL
20. , POLITICAL, AND CULTURAL INSTITUTIONS OF THE BLACK AUGUST
21. MEMORIAL, THE NEW AFRIKAN COLLECTIVE THINK TANK, AND
22. THE NEW AFRIKAN INSTITUTE OF CRIMINOLOGY 101.. ALL OF
23. THESE PRISONERS AFFIDAVITS, DECLARATIONS, AND EXHIBITS
24. — i.e. ("CDCR·INMATE REQUEST FOR INTERVIEW FORMS;
25. CDCR·602 APPEAL FORMS; AND OTHER CDCR·INSTITUTIONAL
26. ADMINISTRATIVE FORMS) WILL ALSO SPEAK TO, HOW THEY'VE
27. CHALLENGED THE ISSUE OF THEIR IN·COMING AND OUT·GOING
28. MAIL BEING EITHER DIS·ALLOWED OR CONFISICATED FOR

1. ALLEGEDLY PROMOTING GANG ACTIVITY VIA THE SOCIAL, POLIT-
2. ICAL, AND CULTURAL INSTITUTIONS OF THE BLACK AUGUST MEM-
3. ORIAL, THE NEW AFRIKAN COLLECTIVE THINK TANK, AND THE
4. NEW AFRIKAN INSTITUTE OF CRIMINOLOGY 101, AND TO HOW
5. THESE AFOREMENTIONED SOCIAL, POLITICAL, AND CULTURAL INSTI-
6. TUTIONS ACTUALLY REPRESENT THE SOCIAL, POLITICAL, CULTURAL,
7. AND HISTORICAL VALUES OF ALL NEW AFRIKAN BLACK PEOPLE,
8. AND IS NOT THE PROMOTION OF BGF PRISON GANG MATERIAL...
9. SEE: LOCKHART V. HOENSTINE • 411 • F.2d. 455 (1969); ALGH-
10. ANIM V. BOEING CO. 477 • F.2d. 143 (1973); BURLINGTON
11. COAT FACTORY WAREHOUSE CORP V. ESPIRIT DE CORP • 769 •
12. F.2d. 919 (1985); AND F.R.C.P. • 56 (F.)..
13.     THESE FACTORS SPEAK TO THE GENUINE MATERIAL FACTS
14. THAT HAS BEEN RAISED IN THE PLAINTIFF'S 1983 • CIVIL ACTION..
15. IT IS PLAINTIFF'S BELIEF, THAT THESE AFFIDAVITS, DECLARA-
16. TIONS, AND EXHIBITS WILL AID IN THE MATERIAL DEVELOPMENT
17. OF THE FACTS THAT HAS BEEN RAISED BY THE PLAINTIFF IN
18. HIS 1983 • CIVIL ACTION.. IN PARTICULAR, FROM THE STANDPOINT
19. OF, THAT THE BLACK AUGUST MEMORIAL, THE NEW AFRIKAN
20. COLLECTIVE THINK TANK, AND THE NEW AFRIKAN INSTITUTE
21. OF CRIMINOLOGY 101, IS/ARE INDEED SOCIAL, POLITICAL, AND
22. CULTURAL INSTITUTIONS, WHICH REPRESENT THE SOCIAL, CULTUR-
23. AL, AND HISTORICAL VALUES OF ALL NEW AFRIKAN BLACK PEOPLE
24. ... AND TO WHICH, NONE OF THE AFOREMENTIONED INSTITUTIONS
25., IS THE PROMOTION OF ANY GANG, CRIMINAL, ILLEGAL, OR UNLA-
26. WFUL ACTIVITIES AS IS ALLEGED BY THE DEFENDANTS..
27.     BY PLAINTIFF HAVING ACCESS TO THESE AFFIDAVITS,
28.              • 3   OF   6 •

1. declarations, and exhibits, it will enable the plaintiff
2. to effectively oppose the defendants motion for summ-
3. ary judgment with material facts as is required per.
4. Federal Rules of Civil Procedure · 56(c.)(e.).. SEE: MOON
5. V. Central Intelligence Agency · 514 · F. SUPP. 836 (1981)
6. ; and Pine Ridge Coal Co. V. Local 8377 · UMW · 187 ·
7. F.3d. 415 (1999)..
8.      Plaintiff is in need of unimpeded correspondence
9. with the following prisoners: Paul Jones #B26077;
10. James Harvey #C48884; Ronnie Dewberry #C356-
11. 71; Clyde Jackson #C33559; and Jimmy Will-
12. iamson #D34788 .. This is so that plaintiff can;
13. 1.) write to these prisoners for purposes of obtaining
14. these affidavits, declarations, and exhibits; 2.) make
15. the necessary photocopies of these affidavits, declarat-
16. ions and exhibits through Pelican Bay State Prison's law
17. library; 3.) to then return these affidavits, declarations
18., and exhibits back to these prisoners; and 4.) to also
19. clarify various legal issues and/or concerns that these
20. prisoners may have, with regards to the preparation of
21. their affidavits, declarations, and exhibits that they will
22. be submitting in support of my 1983 · civil action..
23.     It was noted within this courts order that is dated
24. May 7th, 2008, that the plaintiff's exhibit · C · of his
25. request for a court order, indicates that, a request
26. for correspondence has been approved in compliance
27. with prison rules.. Yes, this is true!! However, the
28. language of this prison's policy and rules, as it

· 4    OF    6 ·

1. PERTAINS TO THE REQUEST FOR CORRESPONDENCE IS VAGUE
2. AND AMBIGUOUS WITHIN IT'S APPLICATION.. FOR EXAMPLE, PER.
3. THE CALIFORNIA CODE OF REGULATIONS · TITLE · 15 · SECTION
4. · 3139, I AM ALLOWED TO CORRESPOND WITH OTHER PRISON·
5. ERS UPON THE APPROVAL OF THE CORRECTIONAL OR FACILITY CAP·
6. TAIN.. (SEE EXHIBIT · A.) AND THEN ON THE OTHER HAND,
7. PER. PELICAN BAY STATE PRISON'S OPERATIONAL PROCEDURE
8. NO. 205; "I AM ALLOWED A ONE TIME CORRESPONDENCE
9. APPROVAL BETWEEN INMATES.." (SEE EXHIBIT · B.) THE LAN·
10. GUAGE OF THIS OPERATIONAL PROCEDURE DOES NOT INDICATE,
11. WHETHER I AM ABLE TO RE·SUBMIT ANOTHER APPLICATION
12. FOR REQUEST FOR CORRESPONDENCE ONCE THE ONE TIME COR·
13. RESPONDENCE HAS BEEN COMPLETED.. (SEE EXHIBIT · B.)
14. HOWEVER, PELICAN BAY STATE PRISON ADMINISTRATIVES IS
15. TAKING THE POSITION, THAT THIS IS WHAT THE LANGUAGE
16. OF OPERATIONAL PROCEDURE NO. 205 STATES, TO WHERE MY
17. SECOND APPLICATION FOR REQUEST FOR CORRESPONDENCE
18. HAS BEEN DENIED.. (SEE EXHIBIT · C.)
19.     THIS POINT IS RATHER CRITICAL, AS I HAVE NOT DONE
20. ANYTHING TO WARRANT HAVING MY APPROVED REQUEST FOR
21. CORRESPONDENCE FOREFEITED, AS IS OUTLINED IN THE CALIFO·
22. RNIA CODE OF REGULATIONS · TITLE · 15 · SECTION · 3139.. (SEE
23. EXHIBIT · A.) BUT MORE IMPORTANTLY, THIS ALSO MEANS,
24. THAT I AM UNABLE TO RETURN THE EXHIBITS BACK TO THE
25. VARIOUS PRISONERS WHO SUBMITTED THEM IN SUPPORT OF
26. MY 1983 · CIVIL CLAIM, AS WELL AS, BEING UNABLE TO
27. CLARIFY ANY ISSUES OR CONCERNS THAT THESE PRISONERS
28. MAY HAVE IN THE PREPARATION OF THEIR AFFIDAVITS,

1. DECLARATIONS, AND EXHIBITS, ETC... PRISONER PAUL JONES
2. #B26077 HAS INDICATED TO ME, VIA OUR APPROVED REQUEST
3. FOR CORRESPONDENCE, THAT HE NEEDS HIS EXHIBITS BACK,
4. SO THAT HE CAN CONTINUE TO LITIGATE HIS OWN CIVIL ACTION
5. ... HOWEVER, I AM UNABLE TO RETURN MR. PAUL JONES EXH-
6. IBITS BACK TO HIM, BASED ON THE CURRENT SUBJECTIVE
7. INTERPRETATION OF THE REQUEST FOR CORRESPONDENCE POLICY
8. ... (SEE EXHIBITS· A., B., & C.)
9.      HENCEFORTH, PLAINTIFF IS WITHOUT NO OTHER ALTERNA-
10. TIVE MEANS OF SEEKING REDRESS, EXCEPT BY WAY OF REQUES-
11. TING OF THIS COURT, TO ISSUE A COURT ORDER UPON THE
12. ADMINISTRATIVE OFFICIALS OF PELICAN BAY STATE PRISON, SO
13. THAT THE PLAINTIFF CAN HAVE UNIMPEDED CORRESPONDENCE
14. WITH THOSE PRISONERS WHO WILL BE SUBMITTING AFFIDAV-
15. ITS, DECLARATIONS, AND EXHIBITS ON THE BEHALF OF THE
16. PLAINTIFF'S 1983· CIVIL ACTION.. AND THAT THIS COURT
17. ORDER, ALSO ORDER THE ADMINISTRATIVE OFFICIALS OF PELI-
18. CAN BAY STATE PRISON TO MAKE PHOTOCOPIES OF THESE
19. PRISONERS AFFIDAVITS, DECLARATIONS, AND EXHIBITS, IN
20. PARTICULAR, THOSE EXHIBITS THAT HAVE THESE PRISONERS
21. NAME ON THEM, SUCH AS; "CDCR· INMATE REQUEST
22. FORMS; CDCR· 602 APPEAL FORMS;    AND ANY OTHER
23. CDCR INSTITUTIONALLY ISSUED ADMINISTRATIVE FORMS", SO
24. THAT THE PLAINTIFF CAN EFFECTIVELY PREPARE A MOTION
25. IN OPPOSITION TO THE DEFENDANT'S SUMMARY JUDGMENT
26. MOTION..
27. DATED:                        RESPECTFULLY SUBMITTED,
28. JUNE 1ST, 2008                 MARCUS L. HARRISON

· 6 ·    OF    · 6 ·

IN PRO. PER.;
1. MARCUS L. HARRISON
2.     PLAINTIFF                    DECLARATION IN SUPPORT
3.  V.                              OF PLAINTIFF'S SUPPLEMENT-
4. INSTITUTIONAL GANG OF            AL MOTION — IN RE: REQUEST
5. INVESTIGATIONS; ET. AI...        FOR PHOTOCOPIES AND CORRES-
6.     DEFENDANTS                   PONDENCE.. PER. F.R.C.P.—
7.                                  56(f.)...
8.                                  CASE NO: C·07·3824·SI·(PR)
9.        UNITED STATES DISTRICT COURT
10.       NORTHERN DISTRICT OF CALIFORNIA
11.    I, THE PLAINTIFF MARCUS L. HARRISON HEREBY decl-
12. ARE AS FOLLOWS:
13.    THAT I, MARCUS L. HARRISON IS THE PLAINTIFF IN
14. THE AFOREMENTIONED CIVIL CASE..
15.    AND THAT ALL OF THE FACTS THAT IS SO STIPULATED
16. WITHIN THE PLAINTIFF'S SUPPLEMENTAL MOTION, FOR REQUEST
17. FOR PHOTOCOPIES AND CORRESPONDENCE IS TRUE AND CORRECT..
18.    AND THAT, THIS DECLARATION IS BEING SUBMITTED IN
19. SUPPORT OF PLAINTIFF'S SUPPLEMENTAL MOTION, THAT IS REQ-
20. UESTING PHOTOCOPIES AND CORRESPONDENCE..
21.    I HEREBY declare THAT THE FOREGOING IS TRUE AND
22. CORRECT, AS EXECUTED ON THE 1ST. OF JUNE, 2008..
23.
24.  DATED:                         RESPECTFULLY SUBMITTED,
25.  JUNE 1ST, 2008                 MARCUS L. HARRISON
26.                                 *Marcus L. Harrison*
27.                                 ·IN PRO. PER.·
28.

• PROOF OF SERVICE •

CASE NO: C·07·3824·SI·PR

1. I, MARCUS L. HARRISON · #H54077 HEREBY
2. declare as follows:
3. 
4. THAT I, MARCUS L. HARRISON · #H54077 IS A
5. PRISONER THAT IS BEING HELD IN THE SECURITY HOUSING
6. UNIT AT PELICAN BAY STATE PRISON IN CRESCENT CITY,
7. CALIFORNIA.. I AM ALSO THE PLAINTIFF IN THE AFOREMEN-
8. TIONED CIVIL CASE.. AND THAT, ON JUNE 1ST., 2008 I
9. MAILED A TRUE COPY OF THE FOLLOWING DOCUMENTS: A DEC-
10. LARATION IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL MOTION;
11. A SUPPLEMENTAL MOTION IN SUPPORT OF PLAINTIFF'S REQUE-
12. ST FOR PHOTOCOPIES AND CORRESPONDENCE; AND A PROOF
13. OF SERVICE TO THE FOLLOWING ADDRESSES:
14. ATTN: U.S. NORTHERN DISTRICT COURT
15. C/O · Ms. SUSAN ILLSTON · JUDGE
16. 450 · GOLDEN GATE · AVE.
17. SAN FRANCISCO _____ CA. 94102
18. 
19. ATTN: DEPUTY ATTORNEY GENERALS OFFICE
20. C/O · Ms. LISA SCIANDRA
21. 455 · GOLDEN GATE · AVE. — SUITE · 11000
22. SAN FRANCISCO _____ CA. 94102 · 7004
23. I HEREBY declare THAT THE FOREGOING IS TRUE
24. AND CORRECT, AS EXECUTED ON THIS 1ST. day OF JUNE
25. 2008..
26. 
27. DATED:
28. JUNE 1ST. ; 2008

RESPECTFULLY SUBMITTED,
MARCUS L. HARRISON
*Marcus L. Harrison*
• IN PRO. PER. •



order business, with the exception of donations which are not otherwise prohibited. Any exceptions must be authorized by the institution head.

(2) Publications must be addressed to an individual inmate except for donations to the institution as otherwise permitted by these regulations and local procedures.

(3) A publication received through the U.S. mail from the publisher or book store shall be excluded for the reasons stated in Section 3006(c).

(4) Nothing in this section shall be construed as limiting a facility's right to inspect nonconfidential material and to limit the number of publications an inmate may possess at one time.

(g) Contests. Inmates may not participate in any contest advertised in or sponsored by the media when a financial obligation is involved, or when such participation will result in an expense to the facility beyond the routine cost of processing mail. Exceptions may be individually approved by the warden.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 2600, 2601, 4570 and 5054, Penal Code; *Procunier v. Martinez* (1974) 416 U.S. 396; and *Bell v. Wolfish* (1979) 99 S. Ct. 1861.

HISTORY:
1. Amendment filed 1-3-95 as an emergency; operative 1-3-95 (Register 95, No. 1). A Certificate of Compliance must be transmitted to OAL 6-12-95 or emergency language will be repealed by operation of law on the following day.
2. Reinstatement of section as it existed prior to emergency amendment filed 7-25-95 by operation of Government Code section 11346.1(f) (Register 95, No. 30).
3. Amendment of subsections (a)–(c) filed 7-25-95 as an emergency; operative 7-25-95 (Register 95, No. 30). A Certificate of Compliance must be transmitted to OAL by 11-22-95 or emergency language will be repealed by operation of law on the following day.
4. Certificate of Compliance as to 7-25-95 order transmitted to OAL 11-17-95 and filed 1-3-96 (Register 96, No. 1).
5. Renumbering of former subsections 3147(a)(9)(G) through (a)(9)(J) to newly designated subsections 3138(d) through (g), amendment of newly designated subsections (d)(1), (f)(1)–(f)(2), (g) and Note filed 6-6-96; operative 6-6-96 pursuant to Government Code section 11343.4(d) (Register 96, No. 23).
6. Amendment of subsection (d)(1) filed 12-30-2003 as an emergency; operative 1-1-2004 (Register 2004, No. 1). Pursuant to Penal Code section 5058.3(a)(1), a Certificate of Compliance must be transmitted to OAL by 6-9-2004 or emergency language will be repealed by operation of law on the following day.
7. Withdrawal and repeal of 12-30-2003 amendment filed 5-27-2004 as an emergency; operative 5-27-2004 (Register 2004, No. 22). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 9-24-2004 or emergency language will be repealed by operation of law on the following day.
8. Amendment of subsection (d)(1) and Note filed 5-27-2004 as an emergency; operative 5-27-2004 (Register 2004, No. 22). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 11-3-2004 or emergency language will be repealed by operation of law on the following day.
9. Certificate of Compliance as to 5-27-2004 order transmitted to OAL 10-28-2004 and filed 12-14-2004 (Register 2004, No. 51).

### 3139. Correspondence Between Inmates.

Inmates of separate correctional facilities may correspond with each other providing prior approval of the institution head of the correctional facility where the inmates are confined has been obtained. The authority to approve or deny such correspondence may not be delegated below the staff level of correctional or facility captain.

(a) The approval to correspond will remain in effect even though one or both of the inmates is transferred to another facility of the department. This approval to correspond may be forfeited due to disciplinary violations involving correspondence between the inmates or as a result of a classification action based upon the

security needs at either inmate's new location. Any such restriction or revocation of approval will be communicated to both inmates and to the administrators of the facilities where the inmates are housed.

(b) Any exchange of written or printed material between inmates of separated or segregated sections of the same facility will require the prior approval of the institution head. The authority for approving or denying such exchange of written and printed material may not be delegated below the staff level of correctional or facility captain.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2601, 4570, Penal Code; *Procunier v. Martinez*, 416 U.S. 396; and *Bell v. Wolffish*, 99 S. Ct. 1861.

HISTORY:
1. Change without regulatory effect amending first paragraph and subsection (b) filed 4-4-2001 pursuant to section 100, Title 1, California Code of Regulations (Register 2001, No. 14).

### 3140. Former Inmates.

Inmates confined in departmental facilities may correspond with former inmates. Prior approval of the warden, superintendent, or person in charge of the correctional facility is required if the person was discharged from a correctional facility within the past twelve months. Prior approval of the warden, superintendent, or person in charge of the facility and approval of the person's case supervisor is required if the person is currently under parole, probation or outpatient supervision.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2601, 4570, Penal Code; *Procunier v. Martinez*, 416 U.S. 396; and *Bell v. Wolffish*, 9 S. Ct. 1861.

### 3141. Confidential Correspondence.

(a) Inmates and persons confined in departmental facilities may correspond confidentially with the persons or the staff members of the persons listed in subsection (c) of this section. Confidential correspondence means that the correspondence shall not be read by any employee except as prescribed in Section 3142.

(b) Confidential correspondence is a right guaranteed by law. Using the means of confidential correspondence for personal non-business correspondence, the transmission of contraband items, or the smuggling of letters and other communications to be forwarded to persons not listed in subsection (c) is an abuse of this right and such proven abuse may be subject to disciplinary action as described in Sections 3314 and 3315.

(c) Persons and staff members of persons with whom inmates may correspond confidentially include:

(1) All state and federal elected officials.

(2) All state and federal officials appointed by the governor or the President of the United States.

(3) All city, county, state and federal officials having responsibility for the inmate's present, prior or anticipated custody, parole or probation supervision.

(4) County agencies regarding child custody proceedings, as clearly identified in the communication.

(5) All state and federal judges and courts.

(6) An attorney at law listed with a state bar association.

(7) The director, chief deputy director, deputy directors, assistant directors, executive assistant to the director, and the chief, inmate appeals, of the Department of Corrections.

(8) Legitimate legal service organizations including, but not limited to: the American Civil Liberties Union, the Prison Law Office, the Young Lawyers section of the American Bar Association, and the National Association of Criminal Defense Lawyers.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2600 and 5054, Penal Code; *In re Jordan*, 12 CA 3rd 575 (1974); and *King v. Borg*, USDC-ED Case No. CIV. S-87-0519 LKK/PAN/P.

# Exhibit B

Case 3:07-cv-03824-SI   Document 15   Filed 06/06/2008   Page 12 of 20

Pelican Bay State Prison
Operational Procedure No. 205
Inmate Mail

Page 15
July 2007

7. When an inmate requests to correspond and meets the criteria for approval per the OP with an inmate in county, State, or Federal facilities, the CCI shall ensure a CDCR 1074 is completed. The CCI shall also ensure a cover memorandum is generated, thoroughly explaining the need for the CDCR 1074. The CCI shall review the inmate's Central File in order to obtain the information necessary to complete the CDCR 1074. Once the CDCR 1074 is completed and signed by the CCI, it shall be forwarded to a supervising authority, at the level of Correctional Captain or above for review and signature. Upon completion of the CDCR 1074, the fifth page shall be retained by the CCI at the requesting institution/facility where the inmate is housed.

8. When a request for correspondence between inmates is received from another county, State, or federal facility, and meets the criteria for approval per the OP, the CCI shall ensure a CDCR 1074 is completed. The CCI shall also ensure a cover memorandum is generated in response to the agency's request. The cover memorandum shall thoroughly explain the need to complete the CDCR 1074. The CCI shall review the inmate's Central File in order to obtain the information necessary to complete the CDCR 1074. Once the CDC 1074 is completed and signed by the CCI, it shall be forwarded to a supervising authority at the level of Correctional Captain or above for review and signature.

R. One-Time Correspondence Approval Between Inmates

When an inmate needs to correspond with another inmate for reasons, which can include litigation, legal issues, and family emergencies, a one-time correspondence approval may be approved by the respective Facility Captains.

The inmate will complete a CDCR GA-22 and submit to his CCI. A "Legal Discovery" must accompany the CDCR GA-22 if the request is for litigation purposes.

The CCI will verify the information and contact the Litigation Office, if appropriate, and make a recommendation for approval or disapproval. The Facility Captain will approve or disapprove the request. The request must be approved for both inmates. Once approved, a copy will be sent to the Mailroom. A file will be kept of one-time correspondence requests by the Mailroom.

The inmate will send his correspondence to the Mailroom. The Mailroom will check the correspondence approval to verify authorization and noted on the CDCR 1074. The mailing will be marked as an approved correspondence and processed as regular mail.

When both inmates have sent their approved correspondence, the Mailroom will document the dates for the mailings and keep the finalized correspondence approval on file in the Mailroom for one year.

S. Mail Languages

All incoming or outgoing publications, i.e., books, dictionaries, periodicals, magazines, newspapers, pamphlets, and correspondence written in the languages of Swahili, Nahuatl, Mayan, Runic, Gaelic, or any obscure or archaic language



# Exhibit C

PELICAN BAY ST. ~~SECURITY HO~~ UNIT E
TO: D3 • C.C.I. FLOWERS •

| STATE OF CALIFORNIA<br>GA-22 (9/92) | INMATE REQUEST FOR INTERVIEW | | | DEPARTMENT OF CORRECTIONS | |
|---|---|---|---|---|---|
| DATE<br>4/13/08 | TO<br>D3 • C.C.I. FLOWERS.. | | FROM (LAST NAME)<br>HARRISON — M. | | CDC NUMBER<br>H54077 |
| HOUSING<br>D3 | BED NUMBER<br>124 | WORK ASSIGNMENT | | JOB NUMBER<br>FROM       TO | |
| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | | | | ASSIGNMENT HOURS<br>FROM       TO | |

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

IN NEED OF A "REQUEST FOR CORRESPONDENCE" CDC-1074 WITH PAUL JONES J26077-D4•107, IN ORDER TO OBTAIN A SUPPLEMENTAL DECLARATION FOR A CURRENT CASE IN THE U.S. NORTHERN DISTRICT COURT — C-07-382 SI (PR) — MARCUS HARRISON.. EXAMPLE OF WHAT WILL BE SAID; "I'm

Do NOT write below this line. If more space is required, write on back.

INTERVIEWED BY B. Flowers CCI                    DATE 4/27/08 ←OVER→

DISPOSITION: I have been instructed that you had your one-time and that's all you get for this correspondence.

in need of a supplemental declaration for purposes of clarifying a few points made in previous declaration.."

I have a legal deadline, so let's not be all day with this.. — THANK YOU —

MARCUS HARRISON
V.
I.G.I.    → U.S. NORTHERN DIST. COURT
CASE #: C·07·3824·SI·(PR)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-3

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region — PBSP
Log No. 1. _____ 2. D08-01119
Category: 6/3

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: HARRISON — M.
NUMBER: H54077
ASSIGNMENT: _____
UNIT/ROOM NUMBER: D3/102

A. Describe Problem: ON 4/13/08 PETITIONER ATTEMPTED TO RE-NEW HIS REQUEST FOR CORRESPONDENCE WITH A FELLOW PRISONER BY THE NAME OF PAUL JONES B21077.. ON 4/21/08, PETITIONER WAS INFORMED BY C.C.I. B. FLOWERS VIA A I/M-REQUEST, "THAT HE HAD BEEN INSTRUCTED THAT I'VE ALREADY HAD MY ONE TIME CORRESPONDENCE.." (SEE ATATCH) YES, THIS FACT IS TRUE AS IT RELATES TO THE REQUEST FOR CORRESPONDENCE FORM THAT WAS APPROVED IN MARCH OF 2008.. HOWEVER, I AM ATTEMPTING TO OBTAIN A SECOND REQUEST FOR CORRESPONDENCE WITH PRISONER PAUL

If you need more space, attach one additional sheet. • SEE ATTACHMENT SHEET •

B. Action Requested: 1.) THAT I BE PERMITTED TO FILL OUT A SECOND REQUEST FOR CORRESPONDENCE CDC-1074 FORM WITH I/M-PAUL JONES B21077. AND 2.) THAT A LEGAL AUTHORITY BE STIPULATED IN WHICH PROHIBITS ME FROM SEEKING A SECOND REQUEST FOR CORRESPONDENCE APPLICATION..

Inmate/Parolee Signature: Harrison M.
Date Submitted: 4/21/08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: BYPASS (see 6A-22)

Staff Signature: _____
Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____
Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim
CDC Appeal Number: _____

APR 22 2008
1ST AW-SHU

First Level  ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __4-22-08__ Due Date: __5-04-2008__
Interviewed by: __G. D'Errico CCII on 5-__-08__

Staff Signature: _____  Title: __FC__  Date Completed: __5/23/08__
Division Head Approved:
Signature: _____  Title: __AW__  Returned: __5/28/08__
Date to Inmate: __5/28/08__

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: _____  Date Submitted: _____

Second Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____  Date Completed: _____
Warden/Superintendent Signature: _____  Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____  Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

DESCRIBE PROBLEM (CON'T. A.):

JONES • B26677, FOR PURPOSES OF OBTAINING A SUPPLEMENTAL DECLARATION/AFFIDAVIT IN SUPPORT OF A CURRENT LEGAL CASE THAT IS PENDING IN THE U.S. NORTHERN DISTRICT COURT — CASE NO: C•07•3824•SI•(PR).. HOWEVER, I AM NOW BEING TOLD BY C.C.I. B. FLOWERS THAT I AM NOT ALLOWED TO SEEK AND PURSUE A SECOND REQUEST FOR CORRESPONDENCE APPLICATION FORM.. THE ONE TIME CORRESPONDENCE RULE AND POLICY IS ONLY APPLICABLE TO <u>EACH</u> APPLICATION FOR CORRESPONDENCE THAT IS SUBMITTED.. AGAIN, I AM ATTEMPTING TO FILL OUT A SECOND REQUEST FOR CORRESPONDENCE WITH PAUL JONES B26677, AND THERE IS NO RULE OR POLICY THAT PROHIBITS ME FROM MAKING THIS REQUEST.. SEE: C.C.R. • TITLE • 15 • 3139 (a.)(b.)...

— SUPPORTING DOCUMENT:
  J/M• REQUEST DATED 4/13/08

## FIRST LEVEL SUPPLEMENTAL PAGE

**RE:** PELICAN BAY STATE PRISON (PBSP)
Appeal Log Number PBSP-D-08-01119
First Level Reviewer's Response

Inmate:    HARRISON, H-54077

**APPEAL DECISION:**    **DENIED**

**APPEAL ISSUE:** (MODIFIED)

You are requesting approval of a second correspondence request with an inmate.

Correctional Counselor II (CCII) G. D'Errico was assigned to investigate your complaint by the First Level Reviewer. A review of your appeal, attachments, and Central File (C-File) has been completed. CCII G. D'Errico interviewed you on May 8, 2008. During the interview you related basically the same information as contained in your appeal. You contend that you should be allowed an additional correspondence approval with Inmate Jones, B-26077, for the purpose of obtaining "supplemental" information. During the interview you stated you needed Inmate Jones to "change" the information he had provided in the original correspondence, in order for the Law Library to accept and process your photocopy request. It was verified with the Law Library staff that you were denied photocopy services due to the discovery that approximately one quarter of the material you were requesting to be copied belonged to another inmate.

As you clarified in your appeal, you requested and were granted a one time correspondence approval for obtaining information from Inmate Jones, B-26077. Staff followed departmental policy and procedures and your request was granted.

**DETERMINATION OF ISSUE:**

The California Code of Regulations (CCR), Title 15, Section 3131, Plan of Operation, ensures that each Warden shall prepare and maintain a plan of operations for the sending and receiving of mail for all inmates housed in there facilities.

The CCR Title 15, Section 3139 Correspondence Between Inmates, (b) states in part,

> "Any exchange of written or printed material between inmates of segregated or segregated sections of the same facility will require the prior approval of the institutional head. The authority for approving or denying such exchange of written and printed material may not be delegated below the staff level of correctional or facility captain."

PBSP Operational Procedure (OP) 205, Inmate Mail, Section R. One-Time Correspondence Approval Between Inmates; provides the procedures for allowing inmate to inmate correspondence.

Appeal Log Number PBSP-D-08-01119
Page 2

The First Level of Review was comprehensive and appropriate and your concerns were clearly addressed. Departmental regulations clearly indicate that inmate to inmate correspondence is a *one time correspondence*. There is no allowance for continual and/or additional correspondences; pertaining to the same (original) issue (case). After a close review of this matter, I find that staff has acted appropriately and in accordance with State Law, the CCR, Title 15, and the Departmental Operations Manual.

Based on the above information, your appeal is **DENIED** at the First Level of Review.

R. L. JOHNSON    Date 5/23/08
Facility Captain
Facility D

D. W. BRADBURY   Date 5/27/08
Associate Warden
Security Housing Unit