1 EDMUND G. BROWN JR.
Attorney General of the State of California
2 DAVID S. CHANEY
Chief Assistant Attorney General
3 ROCHELLE C. EAST
Acting Senior Assistant Attorney General
4 MICHAEL W. JORGENSON
Supervising Deputy Attorney General
5 LISA SCIANDRA, State Bar No. 246532
Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7   Telephone: (415) 703-5846
Fax: (415) 703-5480
8   Email: Lisa.Sciandra@doj.ca.gov

9 Attorneys for Defendants Stewart and Hawkes

10

11             IN THE UNITED STATES DISTRICT COURT

12         FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14

| | |
|---|---|
| **MARCUS L. HARRISON,** | Case No. C 07-3824 SI |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTION** (Docket No. 15) |
| v. | |
| **INSTITUTIONAL GANG OF INVESTIGATIONS,** | |
| Defendants. | |

20                        **INTRODUCTION**

21        This Court should deny Plaintiff Marcus L. Harrison's (Plaintiff) request for a court order to

22 photocopy documents belonging to five other prison inmates who are members and associates of

23 his prison gang, and deny his request to have "unimpeded" correspondence with those inmates,

24 because: (1) Plaintiff fails to identify the particular documents he seeks to photocopy; (2)

25 Plaintiff fails to show why documents in the possession of other inmates would be relevant to his

26 claim that his own mail was confiscated; (3) Plaintiff had other means besides a court order to

27 obtain the photocopies he seeks; (4) Plaintiff fails to show why he needs a court order for

28 "unimpeded" correspondence with five other validated members or associates of his prison gang;

Defs.' Opp. to Pl.'s Supp. Mot.                           *M. L. Harrison v. IGI, et al.*
                                                               C 07-3824 SI

1    and (5) a court order for "unimpeded" correspondence between Plaintiff and five other inmates

2    who are members and associates of his prison gang could threaten institutional safety and

3    security.

**PROCEDURAL BACKGROUND**

5    Plaintiff filed a "Request for an [sic] Court Order" in which he requested that the Court: (1)

6    "Order Pelican Bay State Prison's administrative custody staff to make photocopies of any [and]

7    all documents as it pertains to the prisoners that are identified in Exhibit C [to Docket No. 13],

8    with respect to litigating this § 1983 civil action"; and (2) order that Plaintiff "be permitted to

9    correspond with the aforementioned prisoners that are identified in Exhibit C [to Docket No. 13]

10   unimpeded, for purposes of litigating my § 1983 civil claim, in particular to obtain affidavits and

11   other relevant documents as it pertains to Plaintiff's legal case." (Docket No. 13 at 2:15-25.)

12   All five inmates noted in Plaintiff's Exhibit C to Docket Number 13 are—like

13   Plaintiff—validated as members or associates of the Black Guerilla Family (BGF) prison gang.

14   (Docket No. 13 at Ex. C, unnumbered pages 2-6.) Additionally, as this Court noted, Plaintiff's

15   Exhibit C also shows that Plaintiff, in compliance with prison rules, has already received a one-

16   time approval for correspondence with each of the five inmates with whom he seeks to

17   correspond. (*Id.*; Docket No. 14 at 2:8-10; Docket No. 15 at Exs. B-C.)

18   In response to Plaintiff's request for a court order, this Court issued an order in which it

19   vacated the briefing schedule for Defendants' dispositive motion and ordered Plaintiff to file and

20   serve a declaration and/or supplemental brief to provide more information about his requests.

21   (Docket No. 14 at 2.) Plaintiff then filed his "Supplemental Motion and Declaration in Support

22   of Plaintiff's Request for Photocopies and Correspondence." (Docket No. 15.) Defendants now

23   oppose Plaintiff's motion.

24   ///

25   ///

26   ///

27   ///

28   ///

Defs.' Opp. to Pl.'s Supp. Mot.                                          *M. L. Harrison v. IGI, et al.*
                                                                          C 07-3824 SI

1

## ARGUMENT

2

### I.

3

### THIS COURT SHOULD DENY PLAINTIFF'S REQUEST TO MAKE PHOTOCOPIES OF UNSPECIFIED DOCUMENTS.

4

5       In its Order for supplemental briefing on Plaintiff's request for photocopies, this Court

6 instructed Plaintiff to: (1) specify the documents he wants to photocopy; and (2) specify why

7 those documents might be relevant to this action. (Docket No. 14 at 2:3-8.) In his supplemental

8 brief, Plaintiff fails to adequately answer the questions this Court posed to him. More

9 specifically, Plaintiff fails to identify the particular documents he seeks to photocopy, and he fails

10 to show why documents in the possession of other inmates would be relevant to his claim that his

11 own mail was confiscated.

12     **A.  Plaintiff Fails to Specify the Documents He Seeks to Photocopy.**

13       This Court further instructed Plaintiff that: "It is not enough for him to say that the

14 documents are attachments to declarations or that they are other inmates' property: *he has to*

15 *identify the particular documents* so the court can determine whether they need to be copied."

16 (Docket No. 14 at 2:4-6, emphasis added.) Plaintiff, however, fails to identify the documents he

17 seeks to photocopy with any particularity.

18       Instead, Plaintiff repeatedly and generically refers to the "affidavits, declarations, and

19 exhibits" he seeks to photocopy. (*See e.g.* Docket No. 15 at 1:17, 1:19, 1:22, 2:6, 2:23, 3:15-16,

20 3:27-4:1, 4:14-18; 4:21, 5:28-6:1, 6:14-15, 6:19.) Plaintiff does not provide any further

21 specification except to say that the exhibits may include "CDCR Inmate Request Forms,"

22 "CDCR 602 Appeal Forms," and "various other CDCR Pelican Bay State Prison institutionally

23 issued administrative forms." (Docket No. 15 at 1:22-26.) Additionally, even though Plaintiff

24 appears to allege that he currently has at least some of these documents in his possession, he fails

25 to specify the content of each document, the document numbers (such as appeal log numbers),

26 the quantity of each type of document that he seeks to photocopy, or which documents belong to

27 which of the five other inmates. (*See* Docket No. 15 at 5:23-26, 6:1-7.)

28       Thus Plaintiff fails to satisfy this Court's request to specify the documents he seeks to

Defs.' Opp. to Pl.'s Supp. Mot.                                       *M. L. Harrison v. IGI, et al.*
C 07-3824 SI

1  photocopy. Therefore this Court should deny Plaintiff's request for photocopies.

2  **B.   Plaintiff Fails to Specify Why the Documents Might Be Relevant to This Action.**

3  This Court has already expressed doubt that the documents Plaintiff seeks to photocopy are

4  relevant to this action. More specifically, the Court said: "As it now stands, the court does not

5  see why documents in the possession of other inmates would be relevant to plaintiff's claim that

6  his own mail was confiscated." (Docket No. 14 at 2:6-8.) Indeed, Plaintiff's explanations for the

7  relevance of these unspecified documents only confirm the Court's concern that documents in the

8  possession of other inmates are not relevant to Plaintiff's claim that his own mail was

9  confiscated.

10  First, Plaintiff alleges that, "I need these declarations to speak to, any personal

11  experiences/accounts that these prisoners may have had, in which they were told, these social

12  concepts [and] ideologies were the promotion of gang [and] criminal activities, etc . . . along with

13  any personal accounts, experience, or knowledge that they might have, regarding the actual

14  historical truth that these social concepts (ideology) stand for, from a social, political, [and]

15  cultural perspective. Any documentation (602 10G #'s court case #'s) would also be helpful."

16  (Docket No. 13 at Ex. C, first unnumbered page.) The personal experiences of other inmates are

17  not relevant to Plaintiff's claim that his *own* mail was confiscated.

18  Second, Plaintiff alleges that the "affidavits, declarations, and exhibits" are "expected to

19  speak to, and demonstrate that each of these individual prisoners is being politically persecuted

20  for their political beliefs via having their in-coming and out-going mail, either confiscated or dis-

21  allowed under the spurious premise of them promoting gang activity." (Docket No. 15 at 2:6-

22  12.) Again, the alleged political persecution of other inmates is not relevant to Plaintiff's claim

23  that his *own* mail was confiscated.

24  Third, Plaintiff alleges that the "affidavits, declarations, and exhibits" (such as "CDCR

25  inmate request for interview forms, CDCR 602 appeal forms, and other CDCR institutional

26  administrative forms") "will also speak to, how they've challenged the issue of their in-coming

27  and out-going mail being either dis-allowed or confiscated for allegedly promoting gang

28  activity." (Docket No. 15 at 2:22-3:1.) Here again, administrative appeals brought by other

Defs.' Opp. to Pl.'s Supp. Mot.                                                    *M. L. Harrison v. IGI, et al.*
                                                                                    C 07-3824 SI

1   inmates are not relevant to Plaintiff's claim that his *own* mail was confiscated.

2      Finally, Plaintiff alleges that the "affidavits, declarations, and exhibits" are relevant to his

3   position that the Black August Memorial, the New Afrikan Collective Think Tank, and the New

4   Afrikan Institute of Criminology 101 are "social, political, and cultural institutions" that do not

5   promote gang activity.  (Docket No. 15 at 3:13-27.)  But Plaintiff does not show how other

6   prisoners' CDCR Form 602 inmate appeals or other "CDCR institutional administrative forms"

7   could possibly support Plaintiff's argument that these organizations are not gang-related.  Thus

8   these documents are not relevant to Plaintiff's claim that his own mail was confiscated.

9      Therefore Plaintiff fails to satisfy this Court's request to specify why the documents might

10  be relevant to this action.  Thus this Court should deny Plaintiff's request for photocopies.

11

12  **C.    Plaintiff Incorrectly Alleges that He Had No Alternative Means Besides a Court
       Order to Obtain the Photocopies He Seeks.**

13     Plaintiff incorrectly alleges that he has "no other alternative means" to obtain the

14  photocopies he seeks except to request that this Court issue an order on his behalf.  (Docket No.

15  15 at 6:9-21.)  More specifically, Plaintiff alleges that he needs to make photocopies of

16  unspecified documents in the possession of five other validated members of Plaintiff's prison

17  gang, but that Pelican Bay officials will not permit him to photocopy documents belonging to

18  other inmates and will not permit him to have more than a one-time correspondence with those

19  inmates. (*See* Docket No. 13 at Ex. C, unnumbered pages 2-6; Docket No. 13 at Ex. A; Docket

20  No. 15 at Exs. B-C.)

21     If Plaintiff's seeks to correspond with those inmates in good faith as related to this action,

22  then he could have easily obtained copies of these documents.  As Plaintiff's evidence shows, he

23  received approval in compliance with prison rules for a one-time and two-way correspondence

24  with all five of these inmates.  (Docket No. 13 at Ex. C, unnumbered pages 2-6; Docket No. 15 at

25  Ex. B.)  Within the approved correspondence, Plaintiff could have told them what documents or

26  affidavits he allegedly needs, and the other five inmates could have photocopied their own

27  documents and affidavits and provided those documents and affidavits to Plaintiff.  Thus

28  Plaintiff had an alternative means to obtain the photocopies he seeks and does not need this

Defs.' Opp. to Pl.'s Supp. Mot.                                    *M. L. Harrison v. IGI, et al.*
                                                                              C 07-3824 SI

1  Court to issue an order on his behalf.

2                                    II.

3      THIS COURT SHOULD DENY PLAINTIFF'S REQUEST FOR
       "UNIMPEDED" CORRESPONDENCE WITH OTHER PRISON GANG
4      MEMBERS AND ASSOCIATES.

5          In its Order for supplemental briefing on Plaintiff's request for photocopies, this Court

6  instructed that Plaintiff "must explain why he needs a court order for 'unimpeded'

7  correspondence with other inmates in light of his Exhibit C [to Docket No. 13], which shows

8  prison staff's approval of his requests for correspondence in compliance with prison rules."

9  (Docket No. 14 at 2:8-10.)

10

11     A.   Plaintiff Fails to Show Why He Needs a Court Order For "Unimpeded"
            Correspondence With Five Other Inmates.

12         In his supplemental brief, Plaintiff fails to adequately answer the question this Court posed

13  to him.  More specifically, Plaintiff fails to show why he needs a court order for "unimpeded"

14  correspondence with five other inmates who are validated members and associates of his prison

15  gang.  Instead, Plaintiff alleges that he needs "unimpeded" correspondence: (1) to obtain

16  unspecified "affidavits, declarations, and exhibits" (Docket No. 15 at 4:13-14); (2) to photocopy

17  unspecified "affidavits, declarations, and exhibits" (*Id.* at 4:14-17); (3) to return unspecified

18  "affidavits, declarations, and exhibits" to the other inmates (*Id.* at 4:17-18); and (4) to "clarify

19  various legal issues and/or concerns that these prisoners may have, with regards to the

20  preparation of their affidavits, declarations, and exhibits that they will be submitting in support of

21  my 1983 civil action" (*Id.* at 4:18-22).

22         As discussed in part I.B. above, however, Plaintiff fails to show how the unspecified

23  "affidavits, declarations, and exhibits" from other inmates are relevant to Plaintiff's claim that

24  his *own* mail was confiscated.  Accordingly, Plaintiff also fails to show why "unimpeded"

25  correspondence with these five inmates concerning the unspecified "affidavits, declarations, and

26  exhibits" could possibly be relevant to his claim and would thus require a court order.  Therefore

27  this Court should deny Plaintiff's request for "unimpeded" correspondence with these five other

28  inmates.

Defs.' Opp. to Pl.'s Supp. Mot.                                    *M. L. Harrison v. IGI, et al.*
                                                                    C 07-3824 SI

**B.    A Court Order for "Unimpeded" Correspondence Between Plaintiff and These Five Gang Members Could Threaten Institutional Safety and Security.**

California prison regulations expressly prohibit inmates from knowingly promoting, furthering, or assisting any gang.[1/] Cal. Code Regs. tit. 15, § 3023(a).  This is because gangs "present a serious threat to the safety and security of California prisons." *Id.* at § 3023(b). Additionally, prison regulations strictly limit correspondence between inmates, and "[a]ny exchange of written or printed material between inmates of separated or segregated sections of the same facility will require the prior approval of the institutional head." *Id.* at § 3139(b). Though the purpose of this regulation is not codified, it is undoubtedly meant to promote institutional safety and security.

This Court should not give Plaintiff an exception to these safety and security rules because, as discussed above, Plaintiff fails to show how any exchange of written or printed material with these inmates could possibly be relevant to his claim that his *own* mail was confiscated.  Indeed, Plaintiff's own evidence shows that: (1) he is a validated member of the Black Guerilla Family prison gang (Docket No. 13 at Ex. C, unnumbered pages 2-6); (2) the five inmates with whom he seeks "unimpeded" correspondence are all members or associates of the Black Guerilla Family prison gang (*Id.*); and (3) as this Court noted Plaintiff has already, in compliance with prison rules, sought and received a one-time approval for correspondence with each of the five inmates with whom he seeks to correspond (*Id.*; Docket No. 14 at 2:8-10; Docket No. 15 at Exs. B-C). Thus—even if Plaintiff seeks this exception to the safety and security rules in good faith—such an exception creates a threat to institutional safety and security because any of the other five validated gang members with whom Plaintiff seeks "unimpeded" correspondence could take advantage of the situation to promote prohibited gang activity.

_____

1.    Prison regulations define "gang" and "gang activity" as follows: "Gang means any ongoing formal or informal organization, association or group of three or more persons which has a common name or identifying sign or symbol whose members and/or associates, individually or collectively, engage or have engaged, on behalf of that organization, association or group, in two or more acts which include, planning, organizing, threatening, financing, soliciting, or committing unlawful acts or acts of misconduct classified as serious pursuant to section 3315 [of Title 15]." Cal. Code Regs. tit. 15, § 3000.

1    Therefore this Court should deny Plaintiff's request for "unimpeded" correspondence with

2  five other prison inmates who are members and associates of his prison gang.

3                                        **CONCLUSION**

4    Defendants Hawkes and Stewart respectfully request that this Court deny Plaintiff's request

5  for a court order to photocopy documents belonging to five other members and associates of his

6  prison gang, and his request to have "unimpeded" correspondence with those inmates, because:

7  (1) Plaintiff fails to identify the particular documents he seeks to photocopy; (2) Plaintiff fails to

8  show why documents in the possession of other inmates would be relevant to his claim that his

9  own mail was confiscated; (3) Plaintiff had other means besides a court order to obtain the

10  photocopies he seeks; (4) Plaintiff fails to show why he needs a court order for "unimpeded"

11  correspondence with five other validated members or associates of his prison gang; and (5) a

12  court order for "unimpeded" correspondence between Plaintiff and five other inmates who

13  members and associates of his prison gang could threaten institutional safety and security.

14    Dated: July 11, 2008

15                          Respectfully submitted,

16                          EDMUND G. BROWN JR.
                            Attorney General of the State of California

17                          DAVID S. CHANEY
                            Chief Assistant Attorney General
18
                            ROCHELLE C. EAST
19                          Acting Senior Assistant Attorney General
                            MICHAEL W. JORGENSON
20                          Supervising Deputy Attorney General

21

22

23                          LISA SCIANDRA
                            Deputy Attorney General
24                          Attorneys for Defendants Stewart and Hawkes

25

26  20118332.wpd
    SF2008400645

27

28

Defs.' Opp. to Pl.'s Supp. Mot.                                    *M. L. Harrison v. IGI, et al.*
                                                                        C 07-3824 SI

                                              8

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **M. L. Harrison v. IGI, et al.**

No.:    **C 07-3824 SI**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 11, 2008**, I served the attached

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTION (Docket No. 15)**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Marcus L. Harrison (H-54077)
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531-7500
In pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 11, 2008**, at San Francisco, California.

| | |
|---|---|
| M. Luna | *M. Luna* |
| Declarant | Signature |

20122225.wpd