UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS L. HARRISON,<br><br>    Plaintiff,<br><br>  v.<br><br>INSTITUTIONAL GANG OF INVESTIGATIONS; et al.,<br><br>    Defendants.                      / | No. C 07-3824 SI (pr)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR PHOTOCOPIES AND CORRESPONDENCE; SETTING BRIEFING SCHEDULE** |

The complaint in this action asserts a First Amendment claim regarding the confiscation of some of plaintiff's incoming and outgoing mail pertaining to, e.g., the Black August Memorial, the New Afrikan Collective Think Tank, and the New Afrikan Institute of Criminology 101. Apparently, prison officials are of the opinion that the mail pertains to the BGF prison gang, of which plaintiff is a member, while plaintiff contends the mail concerns his political and cultural beliefs.

Plaintiff, an inmate in the security housing unit at Pelican Bay, filed a "Request For An [sic] Court Order" on April 28, 2008 (docket # 13) in which he sought an order compelling prison officials to make photocopies of other inmates' documents for him and to permit him to correspond "unimpeded" with several other inmates regarding his § 1983 claim in this action. The court found the showing in plaintiff's request to be insufficient and required further development of the issues by the parties. The court ordered plaintiff to file and serve a declaration and/or supplemental brief in which he (1) specified the documents he wanted photocopied and why those documents might be relevant to this action, and (2) explained why he needed a court order for "unimpeded" correspondence with other inmates in light of prison

staff's approval of some requests for correspondence in compliance with prison rules. Plaintiff thereafter filed a supplemental motion (docket # 15). Defendants filed an opposition and plaintiff filed a reply in support of his motion.

The court ordered plaintiff to further develop his evidence and argument to show why the court should order prison officials to deviate from the normal operations of the Pelican Bay SHU, one of the highest security facilities in the California prison system, where plaintiff is housed because of his gang affiliation. Even with this opportunity to correct the shortcomings in his initial request, plaintiff has failed to show that the documents sought were relevant or necessary to his First Amendment mail rejection claim and has failed to show a bona fide need to correspond with other inmates to adequately prosecute this action. The experiences of other inmates in the SHU with regard to the handling of their mail and their opinions regarding the non-gang nature of the disallowed materials are not relevant to this action concerning the confiscation of plaintiff's mail. Plaintiff has not shown good cause for this court to interfere in the day-to-day operations of the prison. See Turner v. Safley, 482 U.S. 78, 84-86 (1987); Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations in name of constitution). Plaintiff's request and supplemental motion for a court order for photocopies and unimpeded correspondence with other inmates are DENIED. (Docket # 13, # 15.)

In light of the resolution of plaintiff's request, the court now sets a new briefing schedule for dispositive motions to move this case toward resolution:

1.   Defendants must file and serve their dispositive motion no later than **March 13, 2009**.

2.   Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **April 24, 2009**.

3.   Defendants must file and serve their reply brief, if any, no later than **May 8, 2009**.

IT IS SO ORDERED.

Dated: January 26, 2009

_____
SUSAN ILLSTON
United States District Judge

2