**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCUS L. HARRISON,                              No. C 07-3824 SI (pr)

       Plaintiff,                              **ORDER DENYING MOTIONS TO
                         AMEND, DISMISS, AND STRIKE**

    v.

INSTITUTIONAL GANG OF
INVESTIGATIONS; et al.,

       Defendants.
_____/

      The pro se prisoner's complaint in this action asserts a First Amendment claim regarding the confiscation of some of plaintiff's incoming and outgoing mail pertaining to, e.g., the Black August Memorial, the New Afrikan Collective Think Tank, and the New Afrikan Institute of Criminology 101.  Apparently, prison officials are of the opinion that the mail pertains to the BGF prison gang, of which plaintiff is a member, while plaintiff contends the mail concerns his political and cultural beliefs.  This matter is now before the court for considerations of various motions, including plaintiff's two motions to amend, defendants' motion to dismiss, and defendants' motion to strike.  For the reasons discussed below, the court will deny the motions to amend, deny the motion to dismiss, and deny the motion to strike.  The court also will set a briefing schedule for the filing of dispositive motions.

A.    Motions to Amend

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."  In considering whether to grant or deny a motion seeking leave to amend a complaint, the court may consider whether there is bad faith, undue delay, prejudice to the opposing party, futility in the amendment, and whether plaintiff has previously amended his complaint.  See Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).  Rule 15(d) allows for a party to supplement his pleading upon reasonable notice and upon such terms as are just to set forth "any transaction, occurrence, or event that happened after the date of the pleading sought to be supplemented."  A supplemental pleading "cannot be used to introduce a 'separate, distinct and new cause of action.'"  Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (citation omitted).

Plaintiff filed a motion for leave to file amended and supplemental pleadings (docket # 21), to which defendants filed an opposition.  Thereafter, plaintiff filed a motion for extension of time to file a reply (docket # 25), and then did not file a reply but instead filed a motion for leave to file a second amended complaint (docket # 28).

The motion for leave to file amended and supplemental pleadings and the motion for extension of time to file a reply are DISMISSED.  (Docket # 21, # 25.)  These motions were made moot when superseded by plaintiff's motion for leave to file a second amended complaint.

Plaintiff's motion for leave to file a second amended complaint is DENIED.  (Docket # 28.)  The proposed second amended complaint does not add any new claims or any new defendants.  Rather, it is a just a longer version of the complaint – lengthened by an unnecessary legal argument, citation of numerous cases, and refutation of various arguments made by defendants in the administrative appeal responses.  Legal argument, case citations and refutation of arguments that are anticipated are not necessary or appropriate in a pleading , and none of them warrant the filing of a second amended complaint.  See Fed. R. Civ. P. 8(a)(2) (complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").  Leave to amend will be denied where it is futile, and it is not in the interests of justice to allow a second amended complaint that does not alter the legal claims or defendants at all and

merely adds surplusage with no legal effect.  The operative pleading remains the original complaint.

B.     <u>Motion To Dismiss</u>

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on the ground that there is a "failure to state a claim upon which relief may be granted."   A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007) (abrogating <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)).   The court "must accept as true all of the factual allegations contained in the complaint," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), but need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences.  <u>See</u> <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988, <u>amended</u>, 275 F.3d 1187 (9th Cir. 2001).

Defendants' motion to dismiss reflects a basic misunderstanding of the rules at the pleading stage as it attempts to put their words into plaintiff's mouth.  Defendants' motion to dismiss relies almost exclusively on the content of administrative appeals attached as exhibits to the complaint to show that the complaint fails to state a claim upon which relief may be granted and to show that they are entitled to qualified immunity.  <u>See</u> Motion To Dismiss, pp. 5-10.  Defendants essentially argue that whatever was stated by prison officials in responding to administrative appeals should be treated as fact, and when so considered, those statements show that plaintiff's claim has no merit.  For example, defendants state that Black August promotes the BGF prison gang, citing as support for that fact prison officials' response to the inmate appeal in Exhibit B to the complaint,[1] Motion To Dismiss, p. 6, and then argue that mail pertaining to Black August could be withheld because it was gang-related.  <u>Id.</u> at 8.

Although the court can look to documents outside the complaint in deciding a Rule

---

[1]Plaintiff took the exact opposite view in his part of the same administrative appeal form, as he asserted that defendant "Stewart went on to suggest that these Black August materials is indicative of me being active in B.G.F. related activities . . . . I adamantly disagree with Sgt. G. Stewart's assessment!!"  Complaint, Exh. B, p.3.

United States District Court
For the Northern District of California

12(b)(6) motion, it can only do so for a limited purpose.  The limits were explained in another

case where defendants tried to use Federal Rule of Civil Procedure 10(c) -- "A copy of a written

instrument that is an exhibit to a pleading is a part of the pleading for all purposes" -- to impute

to the plaintiff an entire report written by a defendant simply because the plaintiff's complaint

referred to the report.

> [T]he defendants assume that Rule 10(c) requires a plaintiff to adopt as true the full
> contents of any document attached to a complaint or adopted by reference.  This is not
> a proper reading of the rule.  Courts have found that "[i]f the appended document . . .
> reveals facts which foreclose recovery as a matter of law, dismissal is appropriate,"
> Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974)
> (prospectus attached to complaint alleging bond purchase based on material
> misrepresentations).   An appended document will be read to evidence what it
> incontestably shows once one assumes that it is what the complaint says it is (or, in the
> absence of a descriptive allegation, that it is what it appears to be).  For example, a
> written contract appended to the complaint will defeat invocation of the Statute of Frauds,
> and a document that discloses what the complaint alleges it concealed will defeat the
> allegation of concealment.  By the same token, however, a libel plaintiff may attach the
> writing alleged in the complaint to be libelous without risk that the court will deem true
> all libels in it.  Similarly, a receipt for goods, alleged in the pleading to have been forged,
> may or may not evidence forgery on its face, but it does not concede delivery of goods
> for pleading purposes.

Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 674 (2d Cir. 1995).  "Rather than accepting

every word in a unilateral writing by a defendant and attached by a plaintiff to a complaint as

true, it is necessary to consider why a plaintiff attached the documents, who authored the

documents, and the reliability of the documents."  Northern Indiana Gun & Outdoor Shows, Inc.

v. City of South Bend, 163 F.3d 449, 455 (7th Cir. 1998) (declining to apply blanket rule that

document attached is adopted in toto "in the case of letters written by the opposition for what

could be self-serving purposes").

Here, defendants suggest that plaintiff's attachment of the administrative appeals to his

complaint is tantamount to adopting every statement therein.  Nothing in the complaint manifests

any intent by plaintiff to adopt the defendants' statements in the administrative appeal responses

as true or as reflective of his position.  And the documents are not a necessary part of his claim:

he could sue with or without them.   The defendants' statements are no more attributable to

plaintiff  than are plaintiff's statements in the same documents attributable to defendants.  That

is, defendants doubtless would protest if the court determined that, by simply directing the

United States District Court
For the Northern District of California

1    court's attention to Exhibit B to the Complaint, they were deemed to have adopted as true

2    plaintiff's statement that defendant Stewart "has wrecklessly (sic) violated/compromised

3    [plaintiff's] 1st Amendment right of political/cultural expression." Complaint, Exh. B., p. 4. The

4    rule that allows the court to look beyond the complaint does not require the court to attribute to

5    a plaintiff everything in a document written by a third party or a defendant. But that is exactly

6    what the defendants appear to be trying to do.[2]

7         Not only does the rule of adoption of the entire document generally not make sense where

8    the plaintiff has not expressly adopted the entirety of a document written by defendants, it would

9    be particularly unwise to apply it in a pro se prisoner action. Such a use of the rule would be

10   inconsistent with the Ninth Circuit's repeated and clear command that pro se pleadings be

11   liberally construed. And such a use of the rule would discourage pro se litigants from attaching

12   anything or referring to any documents in their complaints. The attachment of documents to

13   prisoner complaints often aids in the understanding of the claim as the documents sometimes can

14   put allegations in context when prisoners – many of whom have limited formal education, many

15   _____

16        [2]The judicial notice process would not cure the defect in defendants' motion. The court
     can judicially notice facts that are not subject to reasonable dispute in that they are generally
17   known within the territorial jurisdiction of the court or they are capable of ready determination
     by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).
18   The court cannot take judicial notice that any facts recited in the administrative appeals are true.
     "As a general rule, a court may not take judicial notice of proceedings or records in another
19   cause so as to supply, without formal introduction of evidence, facts essential to support a
     contention in a cause then before it." M/V Am. Queen v. San Diego Marine Constr. Corp., 708
20   F.2d 1483, 1491 (9th Cir. 1983); see also Wyatt v. Terhune, 315 F.3d 1108, 1114 n.5 (9th Cir.),
     cert. denied, 540 U.S. 810 (2003) ("Factual findings in one case ordinarily are not admissible
21   for their truth in another case through judicial notice"); Taylor v. Charter Medical Corp., 162
     F.3d 827, 829-31 (5th Cir. 1998) (court could not take judicial notice of another court's finding
22   that a defendant was a state actor; the determination was a legal conclusion rather than an
     adjudicative fact and in any event was not beyond reasonable dispute). If the court cannot take
23   judicial notice of a factual finding in other court cases, it certainly cannot take judicial notice of
     a factual finding in the less procedurally rigid prison administrative hearing. Additionally,
24   assertions in documents filed with a court or in an administrative proceeding are not judicially
     noticeable just because they are in the file. "There is a mistaken notion that taking judicial
25   notice of court records . . . means taking judicial notice of the existence of facts asserted in every
     document of a court file, including pleadings and affidavits. The concept of judicial notice
26   requires that the matter which is the proper subject of judicial notice be a fact that is not
     reasonably subject to dispute. Facts in the judicial record that are subject to dispute, such as
27   allegations in affidavits, declarations, and probation reports, are not the proper subjects of
     judicial notice even though they are in a court record." B. Jefferson, California Evidence
28   Benchbook (3d ed. 2003 update), § 47.10.

5

United States District Court

For the Northern District of California

1  of whom have little access to legal materials, and most of whom have no formal legal (let alone

2  pleading) training – provide only a sketchy description of their problems.  Although the court

3  won't cobble together a claim from the exhibits where no claim actually is pled, the exhibits

4  sometimes make the allegations understandable.   The court is not eager to impose a technical

5  pleading requirement that would discourage the sometimes helpful practice of attaching inmate

6  appeals to pro se prisoner complaints.

7       For the foregoing reasons, defendants' motion to dismiss for failure to state a claim is

8  DENIED.  (Docket # 26.)  The same deficiency that requires the denial of the motion to dismiss

9  requires the rejection of their argument that they are entitled to qualified immunity because that

10  argument also is based on the same materials beyond the allegations made by plaintiff's

11  complaint.  The denial of defendants' Rule 12(b)(6) motion merely determines that, for pleading

12  purposes, the complaint is adequate.  The denial of the motion does not preclude them from

13  making a substantially similar argument in a motion for summary judgment that is supported by

14  evidence in the proper form (e.g., declarations and properly authenticated documents).

15  However, defendants are cautioned that it is unlikely that they will prevail if they simply argue

16  that the regulations are valid, as plaintiff's complaint is directed at the actions of defendants in

17  confiscating his mail rather than the propriety of the regulations themselves.

19  C.    Motion To Strike

20       Defendants moved to strike plaintiff's second amended complaint "for redundancy

21  because it repeats the allegations and exhibits in Plaintiff's original complaint, and because

22  striking the second amended complaint would streamline the ultimate resolution of this action."

23  Motion To Strike, p. 1.  As with defendants' motion to dismiss, defendants misunderstand the

24  law on this motion.

25       Federal Rule of Civil Procedure 12(f) authorizes a court to strike from a pleading "any

26  redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The

27  "redundancy" to which Rule 12(f) applies is not the repetition of matters in an amended

28  complaint that duplicate those matters alleged in the original complaint.  To the contrary, an

amended complaint is supposed to repeat the allegations that were in the original complaint or they are considered abandoned.  See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")

The vice of the second amended complaint here is that plaintiff did not add anything new, and not that he repeated the allegations of the original complaint.  Had plaintiff repeated all the allegations of the original complaint and added a new claim, his second amended complaint would have been acceptable.  He did not, and his second amended complaint therefore was unnecessary.  Defendants' argument – that the second amended complaint just repeated the original complaint – would be appropriate in an opposition to plaintiff's motion for leave to file a second amended complaint but is not grounds for striking that proposed pleading.  The motion to strike is DENIED.  (Docket # 30.)

Finally, the court notes that plaintiff has three times sent to the court pages that he forgot to include with earlier filings.  This is unacceptable, and must not be repeated.  Plaintiff must be sure that each document is complete before he puts it in the mail, rather than rely on court staff to correct his mistakes in document assembly.

D.   Scheduling

The court now sets the following briefing schedule for dispositive motions.

1.   Defendants must file and serve their dispositive motion no later than **July 3, 2009**.

2.   Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **August 14, 2009**.

3.   Defendants must file and serve their reply brief, if any, no later than **August 28, 2009**.

IT IS SO ORDERED.

Dated: May 6, 2009

_____
SUSAN ILLSTON
United States District Judge