UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS L. HARRISON,<br><br>    Plaintiff,<br><br>  v.<br><br>INSTITUTIONAL GANG OF INVESTIGATIONS; et al.,<br><br>    Defendants.<br>_____/ | No. C 07-3824 SI (pr)<br><br>**ORDER ON MISCELLANEOUS MATTERS AND REFERRING CASE TO MEDIATION PROGRAM** |

     Marcus L. Harrison, a California prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983 asserting a First Amendment claim regarding the confiscation of some of his outgoing and incoming mail. On February 22, 2010, the court denied defendants' motion for summary judgment and ordered the parties to file case management reports indicating what discovery remains to be done, the amount of time needed for discovery, whether any further motions would be filed, when they would be ready for trial, and the expected length of the trial. Defendants filed a case management statement, but plaintiff did not. Plaintiff filed a motion to amend his complaint to add a request for punitive damages, which defendants did not oppose. Plaintiff also filed a request for production of documents and a motion for appointment of counsel.

     Plaintiff's motion to amend the complaint to add a request for punitive damages against the defendants in their individual capacities is GRANTED. (Docket # 45.) The complaint is deemed amended to include the request for punitive damages in the amount of $50,000 from each defendant in his individual capacity.

Plaintiff's request for production of documents is DISMISSED as improperly filed. (Docket # 49.) The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. See Fed. R. Civ. P. 37(a)(2)(B); N. D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

Plaintiff's motion for appointment of counsel is DENIED. (Docket # 44.) A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident at this time. The denial of the motion for appointment of counsel is without prejudice to plaintiff filing another motion if his case is not

resolved in the mediation program.

The court has a Pro Se Prisoner Mediation Program in which selected prisoner cases with unrepresented plaintiffs are referred to a neutral magistrate judge for mediation proceedings consisting of one or more conferences as determined by the mediator.  Now that the court has ruled on the dispositive motion and this case appears almost ready for trial, it may be helpful for the parties to consider mediation.  Good cause appearing therefor, this case is now referred to Magistrate Judge Vadas for mediation proceedings pursuant to the Pro Se Prisoner Mediation Program.  The proceedings will take place within **90 days** of the date this order is filed. Magistrate Judge Vadas will coordinate a time and date for a mediation proceeding with all interested parties and/or their representatives and, within **five days** after the conclusion of the mediation proceedings, file with the court a report for the prisoner mediation proceedings.

The clerk will send to Magistrate Judge Vadas a copy of the complaint, the February 22, 2010 order denying defendants' motion for summary judgment, and this order.

IT IS SO ORDERED.

Dated: May 12, 2010

_____
SUSAN ILLSTON
United States District Judge