**Not for Publication**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MARCUS L. HARRISON, | No. C 07-3824 SI (NJV) |
| Plaintiff, | ORDER RE PLAINTIFF'S MOTION TO VACATE ORDER AND MOTION TO ENFORCE SETTLEMENT AGREEMENT |
| v. | (Docket No. 68.) |
| INSTITUTION OF GANG INVESTIGATIONS, et al., | |
| Defendants. | |

This is a prisoner civil rights action pursuant to 42 U.S.C. section 1983 in which Plaintiff is proceeding *pro se*. This action was filed on July 26, 2007, and on May 12, 2010, District Judge Susan Illston entered an order referring the case to the undersigned for a settlement conference. (Docket No. 50.)

On January 13, 2011, the undersigned held a settlement conference at Pelican Bay State Prison, pursuant to which Defendants and the defendant in *Harrison v. Officer Sample,* 07-0959 SI (N.D. Cal.), entered into a combined settlement agreement with Plaintiff. (Docket No. 60.) On January 18, 2011, the parties filed a stipulation for voluntary dismissal of this action with prejudice. (Docket No. 58.) District Judge Illston entered an order dismissing the case pursuant to the parties' stipulation on January 19, 2011. (Docket No. 59.)

On January 31, 2011, the Court received a letter from Plaintiff, claiming that Defendants were not complying with the terms of the settlement. (Docket No. 61.) Accordingly, the undersigned held a status conference in this case on March 15, 2011. (Docket No. 63.) Plaintiff filed a motion to compel compliance with the settlement agreement on April 12, 2011. (Docket No. 64.) Pursuant to the Court's request, Defendants filed a status report concerning Plaintiff's mail on April 20, 2011. (Docket No. 65.) The Court carefully reviewed the status report and concluded that Defendants were complying with the terms of the settlement agreement entered into by the parties to this action. Accordingly, the Court found that no further action was required. The Court further found that Plaintiff's motion to compel compliance, filed April 12, 2011, raised the same concerns addressed at the status conference and was therefore moot. The Court therefore denied the motion to compel on that basis. (Docket No. 66.)

On May 11, 2011, Plaintiff filed a Motion to Vacate Order and Motion to Enforce Settlement Agreement. (Docket No. 68.) On June 20, 2011, District Judge Illston entered an order referring all motions and matters regarding compliance with the settlement to undersigned for disposition. (Docket No. 73.)

The settlement agreement[1] entered into by the parties in this case provides in part as follows:

> 3. In consideration for a release of all claims and a stipulation of dismissal in the actions, the California Department of Corrections and Rehabilitation (CDCR) agrees to pay Plaintiff $1500. The settlement check will be made payable to Marcus L. Harrison.

Settlement Agreement, p. 2. The settlement agreement contains an addendum, which provides in pertinent part as follows:

> Within the next 60 days, CDCR agrees to initiate a review regarding the manner in which it handles outgoing mail, including mail dealing with the following:
>
> George Jackson
>
> Black August
>
> New Afrikan Revolutionary Nationalism
>
> New Afrikan Collective Think Tank
>
> New Afrikan Institute of Criminology

---

[1] Pursuant to Court order, on July 25, 2011, Defendants filed a copy of the settlement agreement in this case and served Plaintiff with a copy. (Docket No. 75.) Plaintiff and counsel for Defendants signed the settlement agreement on January 13, 2011. *Id*.

2

> During the review, current regulations and practices regarding outgoing mail will be reviewed, and, if necessary, changed in order to ensure that they are consistent with the First Amendment.
>
> Judge Vadas will remain in the case for six months from the date this agreement is signed by Plaintiff and counsel for Defendants to ensure Defendants fulfill this commitment to institute review of its outgoing mail policies.

Plaintiff's Motion to Vacate Order and Motion to Enforce Settlement Agreement (Docket No. 68) is now before the Court. In his motion, Plaintiff contends that the Court erred by concluding that his motion to compel filed April 12, 2011, raised the same concerns addressed at the status conference and was therefore moot. Specifically, Plaintiff claims that in his motion to compel, he argued that he had not been "notified of the results, from the C.D.C.R.'s Director's review and the subsequent changes to it's [sic] mail policies/prison regulations, as it pertains to Black August; George Jackson; New Afrikan Revolutionary Nationalism (N.A.R.N.); The New Afrikan Collective Think Tank (N.A.C.T.T.); and the New Afrikan Institute of Criminology 101 (N.A.I.C -- 101)."

Under the express terms of the settlement agreement set forth above, the CDCR had an obligation to initiate a review within 60 days regarding the manner in which it handled outgoing mail. This included reviewing current regulations and practices regarding outgoing mail and, if necessary, changing those regulations and practices in order to ensure that they were consistent with the First Amendment. However, nothing in the settlement agreement guaranteed that any change would be made to the CDCR's regulations and practices regarding outgoing mail. Any such changes are mandated only if the CDCR concludes that they are necessary to comply with the First Amendment. Further, nothing in the settlement agreement requires the CDCR or Defendants to provide Plaintiff with notice that the CDCR conducted the required review or of the outcome of the review. Accordingly, Plaintiff's claim that he has not received such notice presents no basis for granting either his original motion to compel or the Motion to Vacate Order and Motion to Enforce Settlement Agreement now pending before the Court.

In his Motion to Vacate Order and Motion to Enforce Settlement Agreement Plaintiff also complains that he has not been notified that his outgoing mail that was confiscated has actually been mailed out or that the allegations of gang activity were removed from his central file. Neither of

these matters is addressed in the settlement agreement and thus can not support Plaintiff's motion to enforce the agreement.

In his Request for Judicial Notice Submitted in Support of Plaintiff's Motion to Vacate Order/Enforce Settlement Agreement, Plaintiff again claims that the Court was mistaken in concluding in its earlier order that his motion to compel raised the same concerns addressed at the status conference and was therefore moot. Plaintiff distinguishes between claims made in his status hearing conference statement that his outgoing mail was stopped on January 19, 2011, and claims made in his motion to compel compliance that various materials were actually confiscated from his outgoing mail on April 4, 2011.

Nothing in the terms of the settlement agreement provides that Defendants will not stop Plaintiff's outgoing mail to any particular recipients. Further, nothing in the terms of the settlement agreement provides that Defendants will not confiscate any material from Plaintiff's outgoing mail. Accordingly, Plaintiff's claims that Defendants have done so provide no basis for either Plaintiff's motion to compel or the present Motion to Vacate Order and Motion to Enforce Settlement Agreement.[2]

In Plaintiff's Request for Judicial Notice Submitted in Support of Plaintiff's Motion to Vacate Order/Enforce Settlement Agreement, Plaintiff states that on May 12, 2011, he "received a letter from the Deputy Attorney General Michael J. Quinn that was dated May 4, 2011, which stated: 'CDCR review of the outgoing mail policies is ongoing.'" Plaintiff asserts that the letter does not give any time frame as to when the CDCR review of outgoing mail policies will be completed. Plaintiff speculates that this means that the CDCR can continue stating that it is reviewing the outgoing mail policies indefinitely with impunity. He claims that some type of additional stipulation is therefore needed to set a time frame for review to be completed. The settlement agreement entered into by the parties in this case does not contain a deadline for the completion of the CDCR's review of its outgoing mail policies

---

[2] Plaintiff asserts that, "Judge Susan Illston has made it clear that the current prison regulations for 'contraband,' and 'gang activity' with regards to outgoing mail is unconstitutionally vague. (See Judge Susan Illston's Order Denying Summary Judgment Dated February 22, 2010, page 13)." Plaintiff is incorrect. Judge Illston made no such ruling in her Order Denying Defendants' Motion for Summary Judgment. (Docket No. 43.)

Plaintiff argues that the Court has inherent authority to make additional orders when a judgment has been disobeyed or has failed to achieve its purposes. Dissatisfied with various aspects of the settlement agreement, Plaintiff asks the Court to "set forth additional stipulations that will ensure complete compliance with the settlement agreement that was reached in this case." The settlement agreement in this case is a contract between the parties to the agreement and is not a judgment of this Court. The Court has no authority to modify such an agreement based on the request of one party. However, the Court finds that without additional information, it cannot determine whether Defendants have complied with the terms of the settlement agreement that require CDCR to institute a review of its outgoing mail policies. Accordingly, the Court will conduct a status conference to address that matter only.

In light of the foregoing, IT IS HEREBY ORDERED as follows:

1) Defendants SHALL, nor later than September 12, 2011, file and serve a status report regarding the compliance with the terms of the settlement agreement that require CDCR to institute a review of its outgoing mail policies; and

2) A telephonic status conference will be held on Tuesday, September 20, 2011, at 11:00 a.m. Defense counsel is requested to make arrangements for the telephonic appearance of Plaintiff. All parties are directed to call 888-684-8852, enter access code 8120805 and then security code 4487. The sole matter that will be addressed at the status conference is the compliance with the terms of the settlement agreement that require CDCR to institute a review of its outgoing mail policies

Dated: August 12, 2011

_____
NANDOR J. VADAS
United States Magistrate Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MARCUS L. HARRISON, | No. C 07-3824 SI (NJV) |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| INSTITUTIONAL GANG OF INVESTIGATIONS, et al., | |
| Defendants. | |

I, the undersigned, hereby certify that on August 12, 2011, I SERVED a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person listed below and by depositing said envelope in the U.S. Mail.

Marcus L. Harrison
H-54077
Pelican Bay State Prison, PBSP-II
d3-124/SHU
P O Box 7500
Crescent City, CA 95531

/s/ Linn Van Meter
_____
Linn Van Meter
Administrative Law Clerk to
the Honorable Nandor J. Vadas

6