UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS L. HARRISON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER J. SAMPLE,<br><br>　　　　Defendant.<br>_____/ | No. C 07-959 SI (pr) |
| MARCUS L. HARRISON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INSTITUTIONAL GANG OF INVESTIGATIONS; et al.,<br><br>　　　　Defendants.<br>_____/ | No. 07-3824 SI (pr)<br><br>**ORDER DENYING REQUEST TO COMPEL COMPLIANCE WITH SETTLEMENT AGREEMENT** |

　　　　These matters are now before the court for consideration of plaintiff's request to compel prison officials to comply with a settlement agreement executed in 2011. The request will be denied because the court lacks jurisdiction over the settlement agreement.

　　　　The parties settled these two cases during a settlement conference overseen by Magistrate Judge Vadas in January 2011, and entered into a written "settlement agreement and full and final release of all claims" covering both of these cases. *See* Docket # 85-1 in Case No. C 07-959 SI.

Plaintiff and defense counsel executed the settlement agreement on January 13, 2011. *Id.* at 6. The settlement agreement's addendum (which was made part of the agreement by ¶ 3 of the settlement agreement) provided that "Judge Vadas will remain in the case for six months from the date this agreement is signed by Plaintiff and counsel for Defendant to ensure Defendants fulfill their commitment to initiate the review of its outgoing mail policies." *Id.* at 7.

Pursuant to a stipulation of the parties, both cases were dismissed on January 19, 2011, in an order that did not mention any retention of jurisdiction over the settlement agreement. *See* Docket # 72 and # 73 in Case No. C 07-969 SI ("No. 07-959"); Docket # 58 and # 59 in Case No. C 07-3824 SI ("No. 07-3824") ("It is stipulated that, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the above entitled action shall be dismissed with prejudice as to all Defendants").

Plaintiff later filed motions to compel enforcement with the settlement agreement and those motions were referred to Magistrate Judge Vadas to resolve. In No. 07-959, Magistrate Judge Vadas filed an "order denying plaintiff's motion to compel compliance with settlement agreement" on August 11, 2011, which stated, among other things, "the Court terminates its oversight over compliance with the settlement agreement in this case." Docket # 86 at 3 in No. 07-959. Magistrate Judge Vadas also denied the motion to compel enforcement with the settlement agreement in No. 07-3824. Although the orders in No. 07-3824 do not expressly terminate Court oversight over compliance with the settlement agreement in that case, the settlement agreement itself only called for Magistrate Judge Vadas to "remain in the case" for six months from January 13, 2011, and had no other provision for retention of jurisdiction over the settlement agreement.

Unless it has specifically retained jurisdiction, a district court lacks authority to decide any dispute (e.g., a motion to enforce the agreement) arising from a settlement agreement. A district court retains jurisdiction over a settlement agreement only if (1) the agreement specifically states that the court retains jurisdiction; or (2) the court embodies the agreement in its dismissal order. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994).

Here, the settlement agreement provided that the district court retained jurisdiction only for six months from January 13, 2011. That time period has clearly expired. Therefore, the court has no jurisdiction over the settlement agreement in No. 07-959 or No. 07-3824. The request to compel compliance with the settlement agreement therefore is DENIED. (Docket # 89 in No. 07-959; Docket # 107 in No. 07-3824.) Plaintiff may not file any more motions or requests in these two cases seeking compliance with or other enforcement of the settlement agreement. Plaintiff's sole judicial recourse, if he believes the settlement agreement has been breached – a matter on which the court does not express an opinion – is to file a new action. See *Kokkonen*, 511 U.S. at 382 (when the district court does not retain jurisdiction, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.")

IT IS SO ORDERED.

Dated: November 12, 2014

_____
SUSAN ILLSTON
United States District Judge